## CONNER v. SMITH

No. 3082.   Decided November 19, 1917.   (169 Pac. 158.)

1. USURY—REMEDIES—RECOVERY OF PLEDGED PROPERTY.  Comp. Laws 1907, section 1241x2, provides that every person who shall pay or deliver any greater sum for any loan or forbearance of money than that permitted by statute or pay the principal or any part thereof may recover the amount so paid both as principal and interest if such action be brought within one year after such payment.  Section 1241x8 provides that, whenever any bond, pledge, etc., has been taken or received in violation thereof, the court shall declare it void, enjoin any prosecution thereon, and order it to be surrendered and canceled, and any property embraced within the term of such contracts or securities delivered up.  *Held*, that one pledging property to secure the payment of a usurious loan and making payments aggregating more than the money borrowed had a right of action under section 1241x8 to recover the pledged property.  (Page 134.)

2. USURY—RECOVERY OF PLEDGED PROPERTY—LIMITATIONS.  An action under Comp. Laws 1907, section 1241x8, to recover property pledged to secure a usurious loan if subject to any limitation, is not governed by section 1241x2, requiring actions to recover payments on usurious contracts to be brought within one year, but by the general statute of limitations.  (Page 134.)

3. LIMITATION OF ACTIONS—ACCRUAL OF CAUSE OF ACTION—RECOVERY OF PERSONAL PROPERTY.  In August, 1912, plaintiff pledged certain diamond rings to defendant to secure usurious loans.  Thereafter payments were made on the loans from time to time until October, 1914, at which time defendant gave plaintiff a ticket certifying that one of the loans was extended to May, 1914, and the other to July.  In February, 1915, defendant wrote plaintiff that he had the rings and would keep them for plaintiff.  *Held*, that an action brought in February, 1916, to recover the rings was not barred by limitations, whether. governed by the limitation of three years or that of four years, as limitations did not run as long as defendant

was accepting payments, extending the time for future payments and promising to keep the property for plaintiff. (Page 134.)

Appeal from District Court of Weber County, Second District; *Hon A. E. Pratt,* Judge.

Action by C. A. Conner against C. H. Smith.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Wade M. Johnson* for appellant.

*A. B. Sawyer* for respondent.

THURMAN, J.

Defendant, Smith, was a loan broker, doing business at Ogden, Utah, lending money on diamonds, watches, and jewelry. On August 12, 1912, the plaintiff borrowed of defendant the sum of $120, and deposited with him as security a gentleman's diamond ring. The pawn ticket called for $126, payable in one month from date. The plaintiff received $120, the $6 being interest for one month. On the 19th day of August, 1912, plaintiff made another loan with defendant substantially similar in character, except that the amount borrowed was $50, the pawn ticket calling for $52.50, payable in one month, for which loan plaintiff deposited with defendant one lady's diamond ring. On this loan plaintiff received only $50, the $2.50 being interest for one month. On each loan the agreement and undertaking was that the loan might continue as long as plaintiff paid the monthly interest of $6 and $2.50 respectively. Payments were made on both loans from time to time by plaintiff and accepted by defendant until October 13, 1914, when plaintiff made his last payment, at which time the total payments made by plaintiff aggregated the sum of $120 on the first loan and $57.50 on the second. On the date last named defendant gave plaintiff a ticket certifying that

the first loan was extended to May 12, 1914, and the second loan to July 19th of the same year. As before stated, no further payments were made on either of the loans. On February 11, 1915, defendant, replying to a letter of plaintiff, writes:

"Dear Friend: Yours of 2—10—15 to hand. Contents noted. I have your rings yet and they will be kept for you as per your wish.

"Wishing you a prosperous year,

"Very respectfully,          C. H. SMITH."

After this, in January, 1916, several written demands were made by plaintiff's authorized attorney upon the defendant for the surrender of the rings in question, but they were not surrendered. In the following month, February, 1916, this action was commenced to recover possession of the rings, or the value thereof, in case delivery could not be had. The complaint alleged the ownership of the rings by plaintiff, the making of the loan, the pledging of the rings as security, the usurious character of the transaction, and demanded a return of the property or its value. The answer of defendant admitted the substantial allegations of the complaint, but alleged that the action was barred by the provisions of subdivision 3, section 2877, and also by the provisions of sections 1241x2 and 1241x4, Comp. Laws Utah 1907. Previous to filing the answer a demurrer was filed by defendant pleading in bar section 2877, supra. The demurrer was overruled. The case was tried by the court, and judgment entered for the plaintiff. Defendant appeals.

Numerous errors are assigned, but none were relied on in the argument except those relating to the statute of limitations.

The facts above set forth are either undisputed or conclusively established. The loan transaction referred to was undoubtedly usurious and obnoxious to every provision of the laws of Utah prohibiting usury. The interest charged on each of the loans was five per cent. per month. By the written acknowledgment of the defendant the interest was paid on the first loan to May 12, 1914, and on the second loan to July 19,

1914, and the loans extended accordingly. Appellant contends that the action is barred by Comp. Laws 1907, section 1241x2, which provides in effect that the borrower in such cases may recover the amount paid and the value or. thing delivered at any time within one year after such payment or delivery. And in any event appellant contends that the action is barred by Comp. Laws 1907, section 2877, subd. 3, which provides that actions for the recovery of personal property must be commenced within three years. To make this. contention effectual, appellant insists that plaintiff's cause of action, in view of the statute relating to usury, was complete at the time he made the loans and delivered the pledges, in August, 1912, and that the statute of limitations began to run at that time. Finally, it is contended by appellant that, even if the time of making the last payment, to wit, October 13, 1914, be relied on as the time when the statute was set in motion, still plaintiff's action is barred because not commenced within one year. Respondent, on the other hand, contends that the several payments made by him, and accepted by defendant, tolled the statute from that time; also that the relation was that of bailor and bailee; that it was in the nature of an express trust in which there must be a renunciation of the trust in order to set the statute in motion. These several contentions of appellant and respondent possess more or less merit, but very little authority is cited in support of them by either side; and, as. far as the briefs of counsel are concerned, they are far from enabling us to arrive at a satisfactory conclusion. This failure on the part of counsel may be due to the fact that the laws of Utah relating to usury are different from those of most any other state in the Union. They are more drastic against usury in every form, and it follows that cases in point, or even analogous, are exceedingly rare. Such we have found them to be.

We here set forth such provisions of the statutes of our state relating to usury as may be necessary to a thorough understanding of the case. The following sections of Comp. Laws Utah 1907 are deemed material.

"1241x. The parties to any contract may agree in writing

for the payment of interest, for the loan or forbearance of any money, goods, or things in action, not to exceed twelve per cent. per annum: Provided, that on loans of money only to the amount of $100 or less, it may be agreed in writing to take or receive as interest on said loan not to exceed $1 for the first month only of said loan, but thereafter no greater interest shall be contracted for, taken or received than is allowed in this section. This proviso shall not be construed so as to allow or permit the splitting up of transactions for the loan of money into small amounts for the purpose of evading the provisions of this title.

"1241x1. No person, association, or corporation shall directly or indirectly take or receive in money, goods, or things in action or in any other way, any greater sum or greater value for the loan or forbearance of any money, goods, or things in action, than is prescribed in 1241x.

"1241x2. Exery person who, for any such loan or forbearance, shall pay or deliver any sum or value than is above allowed to be received, or the principal or any part thereof of said usurious loan or forbearance, and his personal representatives, may recover in an action against the person who shall have taken or received the same, and his personal representative, the amount of money so paid or value delivered, both as principal and interest, if such action be brought within one year after such payment or delivery. If such action be not brought within said one year and prosecuted with diligence, then the said sum may be sued for and recovered with costs at any time within three years after the said one year by any county superintendent of schools of the county where such payment may have been made, for the use and benefit of the county school fund, and when collected shall be forthwith paid into said fund. * * *

"1241x8. Whenever it shall satisfactorily appear by the admission of the party, or by proof, that any bond, bill, note, assurance, pledge, conveyance, mortgage, deed of trust, contract, security, or any evidence of debt has been taken or received in violation of the provision of this title, the court shall declare the same to be void, and enjoin any prosecution there-

on, and order the same to be surrendered and canceled, and any property, real or personal, embraced within the term of said contracts or securities delivered up if in possession of the defendant in the action; and if the same be in the possession of the plaintiff, provision shall be made in the judgment or decree in the action removing the cloud of such usurious contracts or securities from the title to such property.''

Section 1241x2, above quoted, as will be seen, is exceedingly drastic. It permits the borrower of money on a usurious contract to recover the money paid or value delivered for such loan or forbearance by suit brought for that purpose, but such action must be commenced within one year by 1, 2, 3 the borrower after such payment or delivery. Manifestly this action is not covered by that section; for here, after payments were made amounting in the aggregate to something more than the money borrowed, the borrower brought his action for the recovery only of the thing pledged as security for the money. This action therefore seems to fall clearly within the provisions of section 1241x8, supra, which provides for the recovery of the property pledged when action is brought for that purpose, and enjoins the prosecution of an action when brought by the pledgee. The language used in the section does not as clearly express the thought intended as more apt language might have done, but we are thoroughly satisfied that it was intended to give a right of action for the recovery of the thing pledged and to enjoin action on the part of the pledgee in case he should institute any form of action involving title to the property or right to its possession. This section does not fix the time within which the action must be commenced, as does section 1241x2, when suit is brought to recover the money paid or the value delivered. The language is:

''Whenever it shall satisfactorily appear by the admissions of the party or by proof,'' etc.

The section does not limit the time to one year, or three years, or any number of years. If there is any limitation of time within which actions in such cases may be commenced, it must be found in the general statute of limitations. It cer-

tainly is not provided for in the status relating to usury. Appellant's contention is that, whatever the period of limitation may be, the statute commenced to run at the time the loans were made, in August, 1912, and, whether the period be one year or three years, the statute had run and the time expired when the suit was commenced.   This position as to the commencement of the period is taken because the transaction was usurious and unlawful at the time it was entered into, and the statute (section 1241x2) gives plaintiff an immediate right of action.   In other words, in order to start the statute running at that time defendant relies on the unlawfulness of the transaction, and thereby seeks to take advantage of his own wrong.   The question here presented is: can the lender upon a usurious loan secured by a pledge accept payments thereon from time to time and then insist that during the whole time these payments were being made and accepted the statute of limitations was running against the right of the pledgor to recover the pledge?   Can the lender do this, especially in a case where, when each payment is made, he expressly extends the loan and the time for future payments?   If he can, then the untenable, unreasonable situation described by respondent in his brief might be the result.   The borrower might continue to make such payments from time to time to the acceptance of the lender until the entire principal and interest is paid, and then, when he comes to demand his pledge, he met with the answer:

"It is more than three years since you made this loan.   It was illegal when made.   Your cause of action was complete at that time.   The statute of limitations has run.   I will not surrender the property."

Any theory of the law which would lead to such consequences is palpably unsound.   It cannot be true in any system of enlightened jurisprudence.

In addition to this it must not be forgotten that on February 11, 1915, just one year before this action was commenced, and four months after the last payment was made on the loan, defendant, in answer to a letter from plaintiff, wrote:

"I have your rings yet and they will be kept for you as per your wish."

''When property is held by the pledgee as security, he cannot assert that he holds it adversely to the pledgor, and thereby acquire a right to it under the statute of limitations.'' 22 Am. & Eng. Ency. Law, 867.

See, also, *Cross v. Eureka Lake, etc.*, 73 Cal. 302, 14 Pac. 885, 2 Am. St. Rep. 808.

If there were no authorities whatever in point, we would, nevertheless, feel justified in holding under the facts of this case that the statute of limitations did not begin to run against the plaintiff's right to recover possession of the rings as long as defendant was accepting payments on the loans, extending time for future payments, and promising to keep the property for plaintiff. The usury statute was made for the benefit of the borrower. He can waive its provisions or not as he chooses. He can pay the debt in full or he can stop payment at any time and recover what he paid and the property pledged within a year from the time of payment or delivery, and has still longer time within which to recover the pledge alone. If he elects to pay a substantial part of the debt, it ought not to lie in the mouth of the pledgee to say the pledgor had put himself in a worse condition than if he had paid nothing at all and had brought his action immediately to recover the pledge.

Respondent makes the further contention that the statute of limitations in this case did not begin to run until he made his demands for the property in January, 1916. There is much force in this contention, especially as appellant expressly agreed to keep it for him, as shown in the letter of February 11, 1915. But, aside from the effect of this letter, there is authority tending to support respondent's contention. *Auld* v. *Butcher*, 22 Kan. 400. See, also *Boughton* v. *Bruce*, 20 Wend. (N. Y.) 234.

The last case cited was a suit in replevin arising under a usurious contract. The usury statute of New York at that time was almost identical with the Utah statute.

Appellant contends, with considerable reason, that the statute relating to usury confers special rights and privileges, and that we must look to that statute alone both for the rights conferred and the remedies to enforce them. But this contention, however reasonable and cogent, does not afford appellant

any relief in the present case. As we have shown, section 1241x2 does not apply to a case of this kind. The case clearly falls within the provisions of section 1241x8, as contended for by respondent. But, as before stated, that section does not state the time within which the action must be commenced. If it was intended by the Legislature that there should be any limitation at all, we are compelled to look elsewhere than in the special statute to find it. It may be that the Legislature, in view of the drastic provisions of the law contained in every section, did not intend any limitation at all in cases of this kind, or it may be that it intended to leave it to the general provision provided for cases in which the limitation is not fixed. This is entirely within the bounds of reason. It is not necessary that we should definitely decide this question; and perhaps it is not prudent to do so in view of the matters presented to the court. It is sufficient to say that whether the action should have been commenced in three years or four years, or might have been brought at any time, in view of the facts in this case, it was commenced in time. If there had been no payments or extensions of time, or promise to hold the property for the plaintiff, the New York Case, *Schroeppel* v. *Corning*, 5 Denio (N. Y.) 236, would have been strong authority for appellant, but under the facts of this case it is not in point.

The judgment of the trial court is affirmed; appellant to pay costs.

FRICK, C. J., and McCARTY, CORFMAN, and GIDEON, JJ., concur.