457 P.2d 966

Daniel H. MEYER, Plaintiff and
Respondent,

v.

Louis C. DELUKE and Lucy Deluke, De-
fendants, Third-Party Plain-
tiffs and Appellants,

v.

DOUGLAS MORTGAGE COMPANY, Doug-
las B. Isaac, Bert D. Isaac, William N.
Reeves, James R. Juflas, Jess J. Noble, Gus
C. Rubino and First Security State Bank,
Third-Party Defendants and Respondents.

No. 11426.

Supreme Court of Utah.

Aug. 4, 1969.

Lorin N. Pace, Richards & Watkins, Salt
Lake City, for appellants.

Robert O. Baldwin, Neslen & Mock, Salt
Lake City, for respondent.

CALLISTER, Justice.

Plaintiff initiated, through a complaint and amended complaint, this action to recover judgment on three promissory notes executed by defendants. Two of the notes were usurious, and plaintiff sought judgment solely for the sum actually loaned and attorney's fees. Plaintiff pleaded for judgment according to the tenor of the third note, which was for the principal sum of $14,000 and interest at the rate of ten per cent per annum and for attorney's fees. This note was secured by both real and chattel mortgages which plaintiff sought to foreclose. The trial court granted judgment for the plaintiff in accordance with his pleadings. Defendants appeal solely in regard to issues concerning the $14,000 note.

Defendants were involved in litigation in the federal courts; they appealed from a judgment rendered against them and were required by the court to post a supersedeas bond in the principal sum of $30,000. They entered into a contract with a loan broker, Douglas Mortgage Company, by Bert D. Isaac, President, appointing Isaac their agent to obtain a loan for the $30,000 cash deposit they needed for their appeal and $12,000 for working capital for their mining company. The contract provided that defendants would execute $85,000 in promissory notes, which would be secured by an assignment of certain stock and mining leases, as a bonus for obtaining the loan. A subsequent modification of the contract provided that Isaac could procure a satisfactory corporate bond in lieu of the $30,000 cash deposit with the court. The contract specified American Savings and Loan Association as the prospective lender, but, through subsequent events, plaintiff assumed the position of the lending institution. Plaintiff advanced the cash for the $6,000 premium for the corporate bond and paid certain fees in connection therewith; he further advanced the money to discharge certain encumbrances on defendants' property to obtain a first mortgage thereon. Defendants executed the $85,000 in bonus notes, primarily to Douglas Mortgage, which assigned $30,500 of these notes to plaintiff. Isaac represented defendants in procuring the corporate bond, and he and the individuals with whom he made arrangements therefor are third party defendants in the instant action. Several months subsequent to this loan transaction, the alleged corporate surety, Prudence Mutual Casualty Company, disclaimed the corporate bond on the ground that the person who executed the bond had no authority to do so.

Defendants in their amended answer, counterclaim and third party complaint alleged that the $14,000 loan by plaintiff was part of a single transaction wherein a supersedeas bond was to be procured, and, since the bond failed, there had been a failure of consideration and defendants were absolved of liability. They prayed for can-

cellation of all notes, mortgages, and assignments which had been executed on the grounds that there had been fraud in the inducement as well as failure of consideration.

The trial court found that the bonus promissory notes totaling $85,000 were obtained by fraud in the inducement as alleged in defendants' third party complaint and were further executed without consideration; the court held these notes null and void and ordered the escrow agent to deliver to defendants the assets being held as security for the payment of these bonus notes. However, the trial court found that there was no evidence to support defendants' counterclaim and dismissed it with prejudice.

■ Defendants claim on appeal that plaintiff participated as a joint venturer with Bert Isaacs in procuring the supersedeas bond and was therefore fully chargeable with the failure of consideration when the bond obtained failed.

The trial court specifically found that plaintiff made a loan of $14,000 to defendants and negated defendants' contention in their counterclaim that plaintiff had contractually obligated himself to obtain the corporate bond.

The distinction observed by this court in Bates v. Simpson [1] is applicable to the fact situation in the instant case. In the Bates case this court held that the seller's profit on the sale of an automobile and the earnings of an individual who financed the transaction were two different things, and the fact that the individual who financed the transaction realized a profit did not make his relationship with the seller one of joint adventurer.

In the instant action there is a valid distinction between the brokerage fee of Isaacs for locating a lender and obtaining a corporate bond and the interest plaintiff was to receive on his loan to defendants, and the fact that each would derive profits from his individual transaction with defendants does not create a relationship of joint adventure.

■ Defendants contend that the trial court erred in denying their motion to amend their pleadings after judgment so as to raise the defense of usury. They cite Rule 15(b), U.R.C.P.:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment * * *.

Defendants assert that there was evidence that plaintiff accepted an assignment

---

1. 121 Utah 165, 239 P.2d 749 (1952).

from Douglas Mortgage of $30,500 in bonus notes as consideration for his loan of $14,000 to defendants. In their amended answer, counterclaim, and third party complaint defendants alleged that the $14,000 loan was part of the transaction in which they executed $85,000 in bonus notes; however, they failed to assert the defense of usury and relied on failure of consideration and fraud in the inducement as a bar to plaintiff's action.

\* \* \* The usury statute was made for the benefit of the borrower. He can waive its provisions or not as he chooses. \* \* \*[2]

In Goeltz v. Continental Bank & Trust Company,[3] the defendant bank alleged in its answer estoppel and laches but failed to plead the statute of limitations. Defendant sought leave to amend its answer and plead the statute of limitations after all the evidence had been presented, and the trial court refused such leave. This court on appeal affirmed the judgment for the plaintiff and observed:

The circumstances here presented do not meet these requirements. [Rule 15 (b), U.R.C.P.] Defendant is not asking leave to amend to conform to the evidence for it alleged the facts on which it claims the statute became operative in its original answer but failed to claim the benefits of the statute as a defense. Apparently the bank was willing to waive the defense of the statute of limitations although it fully pleaded the facts which it now claims makes such statute available as a defense to plaintiff's claim. \* \* The facts which were determinative of that question [statute of limitation] were known to defendant from the inception of plaintiff's claim and were fully pleaded in defendant's answer. Defendant's only failure in pleading was to assert the statute of limitations as a defense to plaintiff's claim, and that is the only amendment which it asked leave to make. The bank could waive such defense if it wished and apparently it was content to do so until the surprise evidence weakened its defense of estoppel. The only effect of the proposed amendment would be to withdraw the waiver of the statute of limitations, not because of new evidence which brought into operation that statute, but because. the new evidence materially weakened another and entirely

---

2. Conner v. Smith, 51 Utah 129, 136, 169 P. 158 (1917) ; also see Ionic Petroleum, Limited v. Third Finance Corp. (Okl. 1966), 411 P.2d 492, 497, wherein the court interpreted a statute similar to Utah's :

"The statute of this State does not make a contract, tainted with usury, absolutely void.

"The defense of usury is a privilege extended by the statute which can either be claimed or waived, and in order to be available to those who desire to claim the privilege extended, it must be specifically pleaded, and, if not so pleaded it will be deemed as waived."

3. 5 Utah 2d 204, 208–209, 299 P.2d 832 (1956).

different defense of estoppel. * * * So we conclude that the court did not abuse its discretion nor violate the spirit of the rules by such refusal.

In the instant action the defendants waived their statutory defense of usury; the facts were known to them at the time of their pleading and were, in fact, pleaded; they merely failed to assert the defense of usury. The only effect of their proposed amendment would be to withdraw their waiver of this statutory defense, not because of new evidence which was revealed at the trial, but, because their asserted defenses were inadequate for them to prevail. Under these circumstances the trial court did not abuse its discretion by its refusal to permit an amendment to the pleadings.

Finally, defendants contend that the entire transaction was unconscionable and therefore cannot be sustained by the courts. They cite the usurious interest sought to be extracted to support their contention and claim that court of equity should refuse aid to the "unclean" litigant, the plaintiff.

There is nothing in the record that indicates the applicability of the equitable doctrine of unclean hands or that it was ever presented to the trial court for considera-

4. In re Estate of Ekker, 19 Utah 2d 414, 416, 432 P.2d 45 (1967); also see Continental Baking Co. v. Katz, 68 Cal.2d 512, 67 Cal.Rptr. 761, 439 P.2d 889, 902 (1968), and Cox v. Cox, 84 Idaho 513,

tion. A point neither raised in the pleadings nor put in issue at the trial ordinarily cannot be considered for the first time on appeal.[4]

The judgment of the trial court is affirmed; costs are awarded to plaintiff.

CROCKETT, C. J., and HENRIOD, TUCKETT and ELLETT, JJ., concur.

373 P.2d 929, 931 (1962), wherein the courts held that the issue of unclean hands may not be raised for the first time on appeal.