LAU v. PONTIAC COMMERCIAL & SAVINGS BANK.

1. Limitation of Actions—Pleading—Amendment—Discretion of Court.
   Permitting defendants to amend their answer by also pleading statute of limitations is within discretion of trial judge.

2. Same—Waiver.
   Failure of defendants to raise question of statute of limitations within 15 days after receiving bill of complaint did not constitute waiver of said defense.

3. Same—Mortgages—Foreclosure.
   Where it is contended that mortgage foreclosed over five years ago was nullity because given on property not belonging to mortgagors, suit to set aside mortgage is not barred by 3 Comp. Laws 1929, § 13964.

On allowing amendments as within the discretion of the court, see annotation in 3 L. R. A. (N. S.) 264; 33 L. R. A. (N. S.) 196; 47 L. R. A. (N. S.) 932.

Appeal from Oakland; Simpson (John), J., presiding. Submitted June 8, 1932. (Docket No. 51, Calendar No. 36,528.) Decided September 16, 1932.

Bill in aid of execution by Frank H. Lau, receiver of Detroit, Pontiac & Owosso Railway Company, a Michigan corporation, and Detroit Construction Company, Ltd., a partnership association limited, against Pontiac Commercial & Savings Bank and another. Bill dismissed. Plaintiff appeals. Reversed, and remanded for trial on merits.

*Fox & Severance,* for plaintiff.

*Patterson & Patterson,* for defendants.

Butzel, J. Frank H. Lau, receiver of Detroit, Pontiac & Owosso Railway Company, a corporation, and of Detroit Construction Company, Ltd., a partnership association, on October 4, 1930, filed a bill of complaint against the Pontiac Commercial & Savings Bank and Hugh A. McPherson, receiver. Plaintiff alleges that the railway and construction companies between the years 1911 and 1917 planned and took steps to build a railway that was to run from Pontiac to Owosso, Michigan, and for that purpose acquired for terminal purposes approximately 5½ acres in Waterford township, Oakland county, Michigan. The railroad was never built, the company abandoned the project and ceased to do business but without any dissolution proceedings. A balance of $1,300 of a $2,500 judgment against the railway and construction companies remained unpaid, and plaintiff was appointed receiver. He claims that the 5½ acres were purchased with the funds of the railway, but that the title, however, was taken in the name of George F. Brondige, who sub-

sequently deeded the property subject to the $600 mortgage to Z. Lau, the bookkeeper and stenographer of the railway company and daughter of Oliver H. Lau, as promoter; that subsequently she mortgaged the property to secure a note of $10,000 given by herself and her brother Percy M. Lau to defendant bank, whose president, Cramer Smith, it is claimed, knew the property had been purchased with the funds of the railway company and belonged to it; that this mortgage was paid, but another of like amount and for similar purpose was given the bank on May 12, 1921; that this latter mortgage was foreclosed and a sheriff's deed given to the bank on February 21, 1923; that the property was subdivided into 18 lots on August 12, 1924, and that part of them have been sold. Plaintiff seeks to reach the lots remaining unsold and the proceeds from those sold. Defendants deny the important allegations in plaintiff's bill and also claim laches on the part of plaintiff and the railway and construction companies.

At the trial, the trial judge permitted defendants to amend their answer by also pleading the statute of limitations. This was wholly within the discretion of the trial judge. *Grant* v. *National Manufacturer & Plating Co.*, 258 Mich. 453. Nor was the failure to raise the question of limitations within 15 days after receiving the bill of complaint a waiver of this defense. Court Rule No. 27, § 6; *L. J. Mueller Furnace Co.* v. *Wayne Circuit Judge*, 226 Mich. 672. The trial judge held that, inasmuch as over five years had elapsed since the foreclosure of the mortgage, plaintiff was barred by 3 Comp. Laws 1929, § 13964, from asserting its claims against defendants. This statute does not apply in the instant case. There is no claim of irregularity in the foreclosure proceedings. It is contended that the mort-

gage was given on property not belonging to the mortgagors, and therefore was a nullity. Were defendant's contentions correct, one could be divested of his title by failure to act within five years after foreclosure of a mortgage given by a stranger to the title. The five-year statute of limitations, section 13964, *supra,* was for the purpose of setting at rest the validity of the foreclosure proceedings. See *Showers* v. *Robinson,* 43 Mich. 502; *Donovan* v. *Ward,* 100 Mich. 601. The defendants, however, claim that the statute of limitations and the defense of laches apply to plaintiff's other claims. This we cannot determine on the pleadings and without any testimony.

The decree of the lower court dismissing the bill of complaint is reversed, with costs to plaintiff, and the case remanded for a hearing on the merits.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, and WIEST, JJ., concurred. FEAD, J., did not sit.