299 P.2d 832

Marion S. GOELTZ, Plaintiff and
Respondent,

v.

The CONTINENTAL BANK AND TRUST
COMPANY, a Utah banking corporation,
Defendant and Appellant.

No. 8408.

Supreme Court of Utah.

July 27, 1956.

Fabian, Clendenin, Moffat & Mabey, Peter W. Billings, Salt Lake City, for appellant.

Dean W. Sheffield, Salt Lake City, for respondent.

WADE, Justice.

Plaintiff, Marion S. Goeltz, respondent here, sued to recover from defendant, Continental Bank & Trust Company, appellant here, two stock certificates, one of stock in the Goodyear Tire & Rubber Company and the other of stock in the Douglas Aircraft Company. She delivered these certificates to the bank in October, 1950, upon its surrendering to her three other stock certificates which were made out to her, one of stock in the Knickerbocker Fund, another of stock in the Commercial Credit Company, and a third of stock of the Mountain Fuel Supply Company, which her then husband, Francis B. Goeltz, on March 10, 1947, delivered to the bank as security for a loan of money to him.

Plaintiff left the original certificates with her broker where her husband had access to them. He withdrew them from her portfolio there and with her signature forged to the transfer provisions of the Commercial Credit Company and the Mountain Fuel Supply Company certificates, and her genuine signature on the transfer provision of the Knickerbocker certificate, he deposited them with the bank to secure the payment of a loan to him of $1,000. This note purported to be the joint note of plaintiff and her then husband, but her signature thereto was also forged. This note was renewed twice in 1948, and on March 20, 1950, he borrowed on a new note an additional sum of $500. Both the

renewal notes and the new note purported to be the joint obligation of plaintiff and her then husband, but her signature was forged to each of them, and she did not authorize or know of the deposit of the stock certificates or the making of either of the notes until some time in October, 1950. She discovered this when she authorized another broker to sell those stocks for her, and when she tried to withdraw them from her first broker, she found that they were gone and were being held by the bank as security for a loan. Upon refusal of the bank to surrender these stock certificates, by mutual agreement without prejudice to the rights of either party, the exchange of certificates was made so that she could sell the original certificates through her second broker.

Before the trial plaintiff had divorced her former husband, and he is in default in paying his notes with the bank. Upon the bank's threat to foreclose the certificates which it holds, plaintiff commenced this action to recover them. The bank answered, alleging estoppel and laches, but failed to plead the statute of limitations. In a deposition before the trial plaintiff indicated that she had endorsed the transfer clause on all three of the original certificates and left them with her broker, but at the trial she expressed grave doubt that she had so endorsed two of such certificates.

The trial was continued and photostatic copies of these original certificates were obtained, and after consulting a handwriting expert it was agreed that only the Knickerbocker Fund certificate had been endorsed by her. Thereupon the bank asked leave to amend its answer to set up the defense of the statute of limitations, section 78–12–26(2) Laws of Utah for 1953, which requires that an "action for taking, detaining or injuring personal property, including actions for the specific recovery thereof," be commenced within three years after the cause of action shall have accrued. The trial court refused such leave and awarded judgment to plaintiff and the bank appeals.

There was no abuse of discretion by the trial court in refusing such leave to amend. Before discussing this question we note that in October, 1950, the stock certificates which plaintiff now seeks to recover were substituted for the ones the bank originally held under a mutual agreement of no prejudice to the rights of either side. In this decision we assume without deciding that if the statute of limitations would have been a defense to an action commenced by plaintiff on the day of the substitution to recover the original certificates it would be a defense to this action had it been pleaded.

Rule 15(a) U.R.C.P.[1] provides that leave to amend "shall be freely given

---

1. Rule 15(a) Utah Rules of Civil Procedure provides: "A party may amend his pleading once as a matter of course at any time before a responsive plead-

when justice so requires." Statutes of limitations as statutes of repose have a useful function in our law system. Sometimes they prevent the prosecution of a stale claim after proof of the facts are unavailable, and in such a case the interests of justice would require that leave to amend be freely granted. In other cases such defense merely prevents a recovery of a just claim. Except against the estate of a deceased person such defense may always be waived.. Here defendant seeks leave to amend after all the evidence is in, even though all the facts upon which this defense is based have been fully known by the bank, since the original certificates were deposited with it in March of 1947 and no new evidence was discovered during the trial which made this defense available where it had not been available under the facts known by the bank in the first instance. On the other hand, if such statute if interposed would bar this action, such defense became complete before plaintiff became aware that the bank had possession of her stock, for the original pledge was made on March 10, 1947, but plaintiff did not learn thereof until October 1950, more than three years later. Justice does not require that leave be granted to raise this defense under such circumstances.

Defendant contends, however, that justice requires such leave to amend because plaintiff deposited such certificates with her broker where her husband had access to them with the transfer clause of one of them signed, and she is by such circumstances estopped from asserting such right against the bank. We will later consider whether, in the interests of justice, plaintiff is estopped from asserting her claim or a part thereof. If she is, that doctrine will fully meet the requirements of justice without the aid of the statute of limitations. The two are separate and distinct defenses based on different sets of facts, and the fact that justice may require us to hold that she is estopped from asserting her claim does not also require a holding that the trial court abused its discretion by its refusal of leave to amend to interpose out of time the defense of the statute of limitations in view of the fact that such statute had completely expired before plaintiff was aware that the bank wrongfully held her certificates.

ing is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

██ Defendant also points out that under Rule 15(b) U.R.C.P.[2] amendments are authorized to conform to the evidence or to present the merits of the action and are not expressly limited to situations where justice so requires. This is a broad general rule intended to cover every possible situation where the pleadings do not reflect the real issues. Its provisions are obviously subject to the provisions of Rule 15(a), supra, requiring leave of court or written consent of the adverse party for amendments other than those provided for in the first sentence of that Rule, and it is subject also to the provision of Rule 15(a) that "leave shall be freely given when justice so requires." Rule 15(b) emphasizes situations coming within the last quoted provision of subdivision (a) when "issues not raised by the pleadings are tried by express or implied consent of the parties," and "when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits."

The circumstances here presented do not meet these requirements. Defendant is not asking leave to amend to conform to the evidence, for it is alleged the facts on which it claims the statute became operative in its original answer but failed to claim the benefits of the statute as a defense. Apparently the bank was willing to waive the defense of the statute of limitations although it fully pleaded the facts which it now claims makes such statute available as a defense to plaintiff's claim. It is true that defendant was surprised by the turn of the evidence which showed that plaintiff had only endorsed in blank the transfer clause of one of the stock certificates which was originally deposited with the bank, but no amendment was required to make such surprise testimony admissible. Nor did the surprise testimony have any bearing on the question of whether plaintiff's claim was barred by the statute of limitations. The facts which were determinative of that question were known to defendant from the

2. Rule 15(b) Utah Rules of Civil Procedure provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court shall grant a continuance, if necessary, to enable the objecting party to meet such evidence."

inception of plaintiff's claim and were fully pleaded in defendant's answer. Defendant's only failure in pleading was to assert the statute of limitations as a defense to plaintiff's claim, and that is the only amendment which it asked leave to make. The bank could waive such defense if it wished and apparently it was content to do so until the surprise evidence weakened its defense of estoppel. The only effect of the proposed amendment would be to withdraw the waiver of the statute of limitations, and it was proposed, not because of new evidence which brought into operation that statute, but because the new evidence materially weakened another and entirely different defense of estoppel. These rules require that leave to amend be freely given when justice so requires or when the presentation of the merits of the action will be subserved. As we have already seen, justice does not require this amendment, nor does the presentation of the merits of the action so require it, for to defeat a claim by the bar of the statute of limitations is not a determination of a case on its merits. So we conclude that the court did not abuse its discretion nor violate the spirit of the rules by such refusal.

Defendant further contends that plaintiff is estopped from asserting her claim against it as to the Knickerbocker certificate which bore her genuine signature because she gave her husband access thereto. It claims to be in the position of an innocent purchaser for value without notice that plaintiff's husband had no authority to pledge this certificate, having loaned money to the husband relying on the pledge of this certificate to secure such loan. It cites cases to the effect that "where one of two innocent people must suffer, the true owner or the innocent purchaser, the owner, by delivering the certificate indorsed in blank, has enabled the third party to perpetrate the wrong and therefore should be estopped from asserting his ownership."[3] We do not dispute the rule stated nor the cases cited but question whether this rule is applicable under the circumstances here shown.

■■ Here defendant loaned plaintiff's husband money on notes which purported to bear her signature on the pledge of stock certificates belonging to her which also purported to bear her signature, without negotiating with or contacting her in regard thereto. Her signature was forged on all of the notes and on two of the stock certificates but one of the certificates bore her genuine signature. The trial court found the foregoing facts and in substance found that the bank had notice that the husband had no authority to pledge this stock to secure these loans. Such findings are supported by and are reasonable deductions

3. Adams v. Silver Shield Mining & Milling Co., 1933, 82 Utah 586, 21 P.2d 886, 888. See also Garfield Banking Co. v. Argyle, 1924, 64 Utah 572, 232 P. 541; and cases cited in the note in 73 A.L.R. 1407.

from the evidence, so we must affirm the judgment because if defendant had such notice the rule which it contends for has no application to this case. The evidence is clear that the bank knew that these loans were negotiated exclusively with the husband without contacting the wife; that the stock was her personal property and the forgeries were bad imitations of her signature, and the bank had her genuine signature on one of the certificates which it could have compared with the forgeries. Under these circumstances the trial court's finding that the bank had notice that the husband had no authority to pledge these certificates was reasonable.[4]

Judgment affirmed with costs to respondent.

McDONOUGH, C. J., and CROCKETT, J., concur.

WORTHEN, J., concurs in results.

HENRIOD, Justice (dissenting).

I cannot concur in the conclusion that defendant, under the particular facts here, by failing to assert the statute of limitations in its first responsive pleading,—the answer, should be precluded from asserting it by amendment. At the time of the answer, defendant apparently was a protected pledgee under Title 16–3, U.C.A.1953, since there was no apparent reason to believe the endorsements on the certificates were forged. Had they not been, there seems to be no reason why the bank could not have relied on the theory it was a protected pledgee, in which event there would have been no need to assert the statute. Such theory actually was nurtured by plaintiff herself when she stated in her deposition that she thought she had endorsed the documents. Had she taken the opposite position at that juncture, it is not unreasonable to assume that the bank immediately, and before the trial, would have sought leave to amend and the trial court no doubt would have permitted the amendment. Therefore, the plaintiff's own words seem to have lulled the defendant into a false sense of security.

The trial actually was continued to determine if what plaintiff had said in her deposition were true. Had it proved to have been true, I believe Title 16–3 supra, would have protected defendant against failure to plead a limitations statute. Upon discovery of plaintiff's inaccurate state-

4. For a discussion on what constitutes notice see McGarry v. Thompson, 1948, 114 Utah 442, 201 P.2d 288; Meagher v. Dean, 97 Utah 173, 91 P.2d 454, and O'Reilly v. McLean, 84 Utah 551, 37 P.2d 770, 775, where we quote with approval from Wood v. Carpenter, 101 U.S. 135, at page 141, 25 L.Ed. 807 as follows:

" 'Whatever is notice enough to excite attention and put the party on his guard and call for inquiry is notice of everything to which such inquiry might have led. When a person has sufficient information to lead him to a fact, he shall be deemed conversant of it.' "

ments, the defendant promptly asked leave to amend and assert the statute.

Under such circumstances, and under our rules, I believe defendant most certainly should have been permitted to amend and to assert a defense which is as meritorious as any other, regardless of the implication in the main opinion that it is a defense that is frowned upon, when the majority opinion suggests that the statute of limitations in some cases "prevents a recovery of a just claim." Statutes of limitation generally do just that, but they are nonetheless legitimate and should be treated no differently than other defenses, where a court may exercise discretion in permitting their assertion by amendment.