HOME INSURANCE COMPANY *v.* VAN KOEVERING.

1. PLEADINGS—AMENDMENT—NEW THEORY.

   Trial court erred in denying motion to amend complaint to add a count alleging two minor defendants guilty of common-law negligence in action originally brought under parents' liability statute to recover damages to plaintiffs' insured's stores of burlap suffered in fire set by minor defendants, where *ad damnum* clause in original complaint alleging damages in excess of statutory amount implied plaintiffs expected to proceed under common-law negligence theory and where there was no finding by trial judge that the new theory set forth by amendment would cause such delay for preparation of defense as to work an injustice on defendants (CLS 1961, § 600.2913, as amended).

2. SAME—AMENDMENT—QUESTIONS NOT REACHED.

   Court of Appeals, in reversing denial of motion to amend complaint to add new count alleging common-law negligence of minors in addition to count on statutory liability of parents

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleadings § 288 *et seq.*

for property destruction by minors, need not consider denial of plaintiffs' motion to dismiss in favor of new superseding complaint or motion to conform pleadings to proof.

Appeal from Ottawa, Smith (Raymond L.), J. Submitted Division 3 March 6, 1968, at Grand Rapids. (Docket No. 3,794.) Decided September 25, 1968.

Complaint by Home Insurance Company and New York Fire Insurance Company, foreign corporations, as subrogees of Keith W. Moored, against John Van Koevering, Fannie Van Koevering, and Mark Alan Van Koevering, a minor, and Herman Schuel, Geneva Schuel and Terry Schuel, a minor, for damages to property caused by negligence of minor defendants. Directed verdict for defendants. Plaintiffs appeal. Reversed and remanded.

*Schmidt, Smith & Howlett* (*James R. Sebastian, Jr.,* of counsel), for plaintiffs.

*Cholette, Perkins & Buchanan* (*Edward D. Wells,* of counsel), for defendants Schuel.

*Harry Lieffers, Jr.,* for defendants Van Koevering.

McINTYRE, J. This is an appeal from action brought December 30, 1966, against two sets of parents and their respective offspring, to recover damages for a fire loss in a supply yard. The event was alleged to have taken place on October 7, 1964.

This action was specifically predicated upon PA 1953, No 45, §§ 1, 2, as reenacted by PA 1961, No 236 (CLS 1961, § 600.2913) and amended by PA 1962, No 23 (Stat Ann 1962 Rev § 27A.2913), as regards

the parents of the minors, and in addition there was a paragraph in the complaint alleging that the minors themselves were jointly and severally liable for the damages resulting from the fire. The original *ad damnum* clause claimed total damages of $3,709-.45.

A pretrial conference statement was filed, dated February 23, 1967, at which a motion was made to add New York Fire Insurance Company as a party plaintiff which was granted by the court, and it was agreed that all pleadings would stand amended to include the new plaintiff and its claim in the same amount alleged by the original plaintiff. Trial date was set for May 12, 1967, before a jury.

On April 7, 1967, plaintiffs moved to amend the complaint to add a second count alleging simple negligence on the part of the minors involved; the motion was denied April 24, 1967. On April 27, 1967, plaintiffs filed a motion to dismiss under GCR 1963, 504.1(2). Along with this motion was filed a new complaint intended to supersede the original complaint. The motion to dismiss was denied by the court on May 8, 1967, and the case went to trial before a jury on May 12, 1967. At the conclusion of the plaintiffs' proofs, defense moved for a directed verdict on the ground that wilful and malicious destruction had not been shown. At the same time, the plaintiffs moved to amend the pleadings to conform to the proofs that had been presented, under the theory that at least common-law negligence had been shown as to the actions of the minor defendants. The motions were argued in the absence of the jury, the motion to amend the complaint to conform to proofs was denied, and the motion for a directed verdict of no cause of action was granted.

On appeal, plaintiffs claim error upon denial of the motion to amend, the motion to dismiss, and the

motion to conform the pleadings to the proofs.
Appeal was not taken on the granting of a motion
for a directed verdict.

The thrust of the plaintiffs' denied motions was to
permit them to proceed on a theory that the minors
here involved were guilty of common-law negligence,
a tactic theretofore not available to them because the
original complaint was specifically laid under the
statute, *supra,* under which indeed no judgment
could have been rendered against them. The minors
were named as defendants, however, and the *ad
damnum* clause alleged damages in excess of that
prescribed by the statute thus implying that the
plaintiffs expected to proceed under common-law as
well as statutory allegation of negligence. Thus, the
defendants could hardly be taken unawares on the
filing of the motion to amend.

That the motion of April 7, 1967, was not ground-
less was evidenced by the conclusion of the trial
judge granting the motion for a directed verdict. At
p 38 of the trial transcript he states:

"What we have here is negligence, admitted neg-
ligence, carelessness, admitted carelessness. And so
I'm really satisfied that there is no basis for parental
responsibility in this case."

GCR 1963, 118.1 governs the problem here:

"Amendments. A party may amend his pleading
once as a matter of course at any time before or
within 15 days after a responsive pleading is served
or, if the pleading is one to which no responsive
pleading is required and the action has not been
placed upon the trial calendar, he may amend it at
any time before or within 15 days after it is served.
Otherwise, a party may amend his pleading only
by leave of court or by written consent of the ad-
verse party. Leave shall be freely given when jus-

tice so requires. All amendments shall be filed in writing, dated, and numbered consecutively. Unless otherwise indicated therein, an amended pleading shall supersede the former pleading."

It is true that many meticulous practitioners decry the extension of judicial discretion to mask ineptitude in the preparation of formal pleadings. However, we must remember that our statute on amendments (CLS 1961 § 600.2301; Stat Ann 1962 Rev § 27A.2301) derives with little change from the Revised Statutes of 1846, and according to text writers, is similar to the practice in England and most of the other states of the Union in its broadness of provisions for liberality of amendments. (2 Callaghan's Michigan Pleading and Practice [2d ed] § 27.01).

It is the contention of the defendants that the motion to amend of April 7, 1967, introduced a new cause of action, would require further responsive pleadings, perhaps further discovery, and injects issues which would require the preparation of new defense. The inference is that this would delay the course of the trial. However, the complaint in the instant case was filed December 30, 1966, service was accomplished on January 5, 1967; pretrial was held on February 23, 1967; and the motion to amend filed April 7, 1967, with the case coming to actual trial on May 12, 1967. This does not appear to this Court as an undue delay in the hearing of a cause such as to work injustice on the defendants. The chronological record of events in *La Bar* v. *Cooper* (1965), 376 Mich 401, discloses a much greater preparatory time to the point of trial, yet the appellate court ruled that the motion to amend should have been granted. It is contended that *La Bar* v. *Cooper, supra,* is not applicable here since that case con-

cerned the question whether a motion to amend may relate back to the filing of the original complaint, thus saving a case which might have been lost under the provisions of the statute of limitations. In the instant case, the statute had not run at the time of the filing of the motion to amend, but the principle enunciated in *La Bar* is applicable here. To allow the present case to proceed to judgment without pleading the theory of common-law negligence would prevent plaintiffs from instituting another action under the doctrine of *res judicata*. There is no difference between a claim barred by a statute of limitations and one barred by the doctrine of *res judicata*. This court therefore concludes that *La Bar* v. *Cooper, supra,* applies to the case before us. There is no point in repetition of the extensive remarks of the court in that case, but its reading clearly indicates the attitude of the supreme authority within this state governing motions to amend.

Plaintiffs complain that no reason was given by the trial court for denial of the motion to amend of April 7, 1967, and the question whether the trial court abused its discretion cannot be tested. This appears to be true. The motion was heard in chambers, and no record appears as to the findings. As the Court stated in *La Bar* v. *Cooper, supra* (p 409):

"While the conclusions upon which the trial judge based his exercise of discretion are before us, his findings are not. Consequently, we are unable to say whether he exercised his discretion properly. The cases are remanded to the trial judge for further disposition in the light of this opinion."

The case is reversed and remanded to the trial court with direction to grant the motion to amend. In view of this opinion, the denial of the motion to

dismiss and the motion to conform the pleadings to the proofs need not be considered.

Costs to appellants.

HOLBROOK, P. J., and QUINN, J., concurred.