WILSON *v.* EUBANKS

1. PLEADING—AMENDMENT—DISCRETION.
  Allowance of an amendment to a pleading rests in the trial judge's discretion, but his discretion in that regard is not unbounded, and where a rule good for all cases can be stated, it is the responsibility of an appellate court to state the rule rather than to leave the matter in unstructured discretion.

2. PLEADING—AMENDMENT—DISCRETION.
  The tendency of disposition should be to disallow an amendment to a pleading where allowance of the amendment will prevent consideration of the controversy on the merits.

3. LIMITATION OF ACTIONS—FOREIGN CLAIMS—BORROWING STATUTE—PUBLIC POLICY.
  Statutes which borrow the limitational period of the jurisdiction where a claim accrued were enacted to prevent forum-shopping and to avoid the interminable tolling of the statutes of limitations where the defendant is a nonresident of the jurisdiction where the action is brought.

4. LIMITATION OF ACTIONS—FOREIGN CLAIMS—BORROWING STATUTE—PUBLIC POLICY.
  The public policy which engendered the borrowing statutes which adopt a statute of limitations of the jurisdiction where a claim

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § 293.
[2] 41 Am Jur, Pleading § 294.
[3, 4] 51 Am Jur 2d, Limitation of Actions §§ 67, 68.
[5] 41 Am Jur, Pleading §§ 293, 294.
  51 Am Jur 2d, Limitation of Actions § 457.

accrued does not apply to a case where the claim accrued in Ontario, a few miles from Detroit, but where both the plaintiffs and defendant were residents of Detroit and the action was commenced in Michigan.

5. PLEADING—AMENDMENT—LIMITATION OF ACTIONS.
A failure to plead the bar of a foreign statute of limitations in the first responsive pleading is not amendable in an action, commenced in Michigan between litigants all of whom are domiciliaries of Michigan, which is timely brought but for the provision of the Revised Judicature Act borrowing the foreign limitational period (MCLA § 600.5861[2]).

Appeal from Wayne, Benjamin D. Burdick, J. Submitted Division 1 June 11, 1971, at Detroit. (Docket No. 10100.)   Decided October 1, 1971. Leave to appeal denied, 386 Mich 773.

Complaint by Barbara Wilson and Ubelia Meadows against Eddie Eubanks for personal injuries sustained in an automobile collision.   Accelerated judgment for defendant.   Plaintiffs appeal.   Reversed and remanded for trial.

*Lemberg, Gage & Brukoff* (by *Leonard A. Siudara*), for plaintiffs.

*Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch* (by *Marlynn Marcks*), for defendant.

Before: LEVIN, P. J., and QUINN and V. J. BRENNAN, JJ.

LEVIN, P. J.   The plaintiffs, Barbara A. Wilson and Eubelia Meadows, claim they suffered personal injuries when the defendant, Edward Eubanks, negligently drove his automobile into an automobile being operated by plaintiff Wilson in which plaintiff Meadows was a passenger.

On March 3, 1967, 13 months after the accident, well within the three-year limitational period generally applicable to actions to recover damages for injuries to persons and property,[1] the plaintiffs commenced this action in the Wayne County Circuit Court.  The limitational period in force in the place where the accident occurred, Windsor, Ontario, is one year.[2]

The conflict of laws rule developed by the courts is that the law of the forum determines the time within which an action may be brought on a claim which arose in another jurisdiction.[3]  Many states have enacted so-called "borrowing" statutes adopting the limitational period of the jurisdiction where the claim accrued and, sometimes, of the jurisdiction where the defendant or both parties reside.[4]  Michigan adopted such a statute with the enactment of the Revised Judicature Act which incorporates the Uniform Statute of Limitations on Foreign Claims Act,[5] *viz.*:

"The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim

---

[1] MCLA § 600.5805(7)  (Stat Ann 1962 Rev § 27A.5805[7]).

[2] The Highway Traffic Act, 2 Rev Stats Ontario (1960), C 172, § 147, p 422.

[3] See Restatement of Conflicts of Laws, 2d, § 142, p 396; 51 Am Jur 2d Limitations of Actions § 66, p 645; Ehrenzweig, Conflict of Laws, § 160, p 428; Leflar, American Conflicts Law, § 127.

In *Abendschein* v. *Farrell* (1969), 382 Mich 510, the Michigan Supreme Court reiterated its adherence to the conflict-of-laws doctrine of *lex loci delicti* for the purpose of determining the applicable substantive law.

[4] See Leflar, American Conflicts Law, § 128; Ehrenzweig, Conflict of Laws, § 161, p 430; Restatement of Conflicts of Laws, 2d, § 142, Comment (1)f, p 397; Developments in the Law, Statutes of Limitations, 63 Harv LR 1177, 1262 *et seq.* (1950); Blume and George, Limitations and the Federal Courts, 49 Mich LR 937, 982 (1951).

[5] Two other states, Oklahoma and West Virginia, have adopted the Uniform Act.  Am Jur 2d Desk Book, Document 129, 1971 Cum Supp, p 175.  The act was first proposed in 1957.

accrued or by the law of this state, whichever bars the claim." MCLA § 600.5861 (2) (Stat Ann 1962 Rev § 27A.5861 [2]).

In this case, the defendant did not plead the statute of limitations. He answered, served interrogatories on the plaintiffs and obtained an order for production and examination of doctor and hospital records. Depositions were taken.

Two years after the action was commenced, on April 1, 1969, a pretrial conference was held. The pretrial summary states that the "defendant is hereby given leave to urge statute of limitations. All pleadings are deemed amended to reflect the pretrial statements of the respective parties". The pretrial summary continues: "In view of the fact that the question of statute of limitations was first urged by defendant at the pretrial hearing, it is suggested that this court's decision to allow the same as an affirmative defense be reviewed by the trial judge".

One year was to elapse before the matter was set for trial. In August, 1970, the defendant's present counsel was substituted for the lawyer who filed the answer and who represented him in the earlier stages of the proceedings.

When the case was set for trial, the plaintiffs moved to strike the affirmative defense of the statute of limitations. Their motion was denied by the circuit judge to whom the case was assigned for trial, and a judgment was entered dismissing the plaintiffs' complaint on the ground that it was barred by the statute of limitations. We reverse and remand for trial.

Borrowing statutes were enacted to prevent forum shopping and to avoid interminable tolling of the statutes of limitations where the defendant is a non-

resident.[6] Here, although read literally the words of the uniform act do apply, the public policy which engendered borrowing statutes does not.

The defendant and both of the plaintiffs are residents of the City of Detroit. While the accident occurred over the border, a few miles from Detroit, the action was commenced in the jurisdiction where one would expect it to be commenced, the jurisdiction where all the parties reside and where service on the defendant was probably most readily obtainable.

There is no reason to believe that the plaintiffs commenced this action in Michigan in an effort to obtain the benefit of some advantage under Michigan law or that, except for the matter of the statute of limitations, the defendant is disadvantaged by the commencement of the action here rather than in Ontario.

It is indeed the law and the almost invariable practice to allow pleadings to be freely amended— as expressed in the statute, "for the furtherance of justice" and, as expressed in the court rule, "when justice so requires".[7] But in this case allowing the amendment does not further, it defeats, the ends of justice.[8]

The law encourages amendment and the setting up of a new claim or a new defense, including an

---

[6] See Leflar, American Conflicts Law, § 128; Developments in the Law, Statutes of Limitations, 63 Harv LR 1177, 1263 (1950); Legislation Governing the Applicability of Foreign Statutes of Limitation, 35 Col LR 762, 764 (1935); Statute of Limitations: Foreign Causes of Action; Effect of Defendant's Absence From the State; and Actions Against Nonresidents. Study by New York Law Revision Commission, p 141 *et seq.* (1943).

[7] MCLA § 600.2301 (Stat Ann 1962 Rev § 27A.2301); GCR 1963, 118.1.

[8] See *Goeltz* v. *Continental Bank and Trust Company* (1956), 5 Utah 2d 204 (299 P2d 832) upholding on this and other grounds a trial judge's refusal to allow an amendment to set up a statute of limitations defense. *Cf. Institute For Trend Research* v. *Griffin* (1958), 101 NH 255 (139 A2d 628).

affirmative defense, to the end that the controversy will be decided on its merits. All rights and values are not fungible; where allowance of an amendment will prevent meritorious consideration, the tendency of disposition should be to disallow the amendment.

There will, of course, be cases of stale claims where the defendant should be allowed to amend his answer to set up an overlooked statute of limitations defense. This is not that case. Here we have a purely technical defense which would bar a claim on which an action was commenced within 13 months. It would bar it through the literal application of loose language in a statute generated by problems attendant nonresident defendants—forum shopping and the tolling of the statute of limitations—although the defendant, like the plaintiffs, is a resident of Michigan. It would bar the action even though the defendant delayed over two years after the action was commenced in seeking leave to assert the statute of limitations defense.

We have not overlooked the statements in the cases that the allowance of an amendment to a pleading rests in the trial judge's discretion.[9] The recent trend of decision, however, shows that his discretion in that regard is not unbounded.[10] Discretion is confided to trial judges to decide questions for which, because of the variegated facts of the matter, a rule good for all cases cannot be stated. Where a rule can be stated, it is the responsibility

[9] See *Lau* v. *Pontiac Commercial & Savings Bank* (1932), 260 Mich 73.

[10] See *LaBar* v. *Cooper* (1965), 376 Mich 401; *Doan* v. *Chesapeake & Ohio R. Co.* (1969), 18 Mich App 271, 280; *Plowman* v. *Satkowiak* (1970), 22 Mich App 425; *Home Insurance Company* v. *Van Koevering* (1968), 13 Mich App 389; *Burg* v. *B & B Enterprises, Inc.* (1966), 2 Mich App 496; *Tri-Part Manufacturing Company* v. *Michigan Consolidated Gas Company* (1965), 1 Mich App 684.

of an appellate court to state the rule rather than to leave the matter in unstructured discretion; there is no sound reason why an amendment should be allowed in one case and denied in another on similar facts.[11]

We hold that in an action between litigants all of whom are domiciliaries of Michigan, timely brought but for the provisions of RJA § 5861(2), a failure to plead the bar of a foreign statute of limitations in the first responsive pleading is not amendable.[12]

Our disposition of this case makes it unnecessary to decide whether the Ontario limitational period governs on the facts of this case.[13]   We hold only that under the circumstances here present one who asserts the defense of a foreign statute of limitations to bar an action between residents of Michigan timely brought under Michigan law must cut square corners.

Reversed and remanded for trial.   Costs to plaintiffs.

---

[11] See *Noonan* v. *Cunard Steamship Co. Ltd.* (CA 2, 1967), 375 F2d 69, 71.

[12] In *Lau* v. *Pontiac Commercial & Savings Bank, supra,* and *Villamor* v. *Premier Insurance Company* (1968), 13 Mich App 30, the limitation on the time for bringing an action was established by Michigan law.   Here the limitation arises under foreign law.

[13] See Ehrenzweig, Conflict of Laws, § 162, p 433; § 163, pp 434–436.