BAZIL v MICHAEL

Docket No. 77-434. Submitted June 15, 1978, at Detroit.—Decided July 17, 1978. Leave to appeal applied for.

Complaint by Ann Bazil and Edwin Bazil against James A. Michael, Jacqueline Michael and the City of Grosse Pointe Park in Wayne Circuit Court seeking damages for injuries sustained in a slip and fall on a public sidewalk. Defendant City of Grosse Pointe Park sought leave to amend its pleadings to include a statute of limitations defense. Motion denied by Thomas Roumell, J. Defendant appeals by leave granted. *Held:*

The liberal amendment of pleadings rule should not be applied to allow a party to avoid trial on the merits to the prejudice of the opposing party.

Affirmed.

Pleading—Amendments of Pleadings—Motions—Discretion of Court.

The rule allowing liberal amendment of pleadings was promulgated by the Supreme Court to facilitate trial of an action on the merits with all substantive issues fully presented; the rule should not be applied to allow a party to avoid trial on the merits by amending its pleadings to include a special defense where delay in requesting the amendment has prejudiced the opposite party.

*Rains, Block & Dean,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *John A. DeMoss* and *Christine D. Oldani),* for defendant City of Grosse Pointe Park.

Before: N. J. Kaufman, P. J., and Beasley and P. R. Mahinske,* JJ.

Reference for Points in Headnote
61 Am Jur 2d, Pleading § 309.
* Circuit judge, sitting on the Court of Appeals by assignment.

BEASLEY, J. Plaintiff, Ann Bazil, claims damages for personal injuries arising out of a fall on a broken sidewalk on March 3, 1971.

On February 21, 1974, plaintiffs filed suit for damages and on March 15, 1974, defendant city filed an answer. Belatedly, defendant city discovered that it might be entitled to avail itself of a special two year statute of limitations,[1] and on November 26, 1974, moved to amend its pleadings to add the affirmative defense of the statute of limitations. The trial court denied defendant city's motion to amend, holding that plaintiff was prejudiced by the ten month delay in filing the motion to amend.[2] Defendant city appeals by leave granted.

The reason behind the *Gunter*[3] rule is to facilitate trial on the merits with all substantive issues fully presented. No such reason is present here. Defendant city seeks to avoid trial on the merits by application of the special two year statute of

---

[1] MCL 691.1411; MSA 3.996(111) provides:

"(1) Every claim against any governmental agency shall be subject to the general law respecting limitations of actions except as otherwise provided in this section.

"(2) The period of limitations for claims arising under section 2 of this act shall be 2 years.

"(3) The period of limitations for all claims against the state, except those arising under section 2 of this act, shall be governed by chapter 64 of Act No. 236 of the Public Acts of 1961."

One would suspect that, initially, both plaintiff and defendant city assumed application of the three year statute of limitations.

[2] However, plaintiffs' action was within the general three year statute of limitations for tort claims. The trial court's rationale was that plaintiff incurred unnecessary costs of additional discovery by defendant's failure to seek amendment timely and, therefore, under *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649; 213 NW2d 134 (1973), the trial judge could exercise his discretion and deny permission to amend.

[3] *Ben P Fyke & Sons v Gunter Co, supra.*

limitations applicable in some governmental immunity situations.[4]

We do not find the trial judge's finding clearly erroneous. There was a possibility of prejudice to plaintiff in the staleness of defendant city's claim, which, considered together with the fact that the usual reason for application of *Gunter, supra,* is not present here, supports the trial judge's conclusion.[5]

Affirmed, with costs.

---

[4] It would be ironic to permit defendant city a tardy motion to amend where the ultimate effect would be to punish plaintiff for tardy commencement of suit.

[5] This result is also consistent with the result in *Wilson v Eubanks,* 36 Mich App 287; 193 NW2d 353 (1971).