**Melvin J. STAKER, Plaintiff and Respondent,**

v.

**HUNTINGTON CLEVELAND IRRIGATION COMPANY, a Utah corporation, Defendant and Appellant.**

**No. 18203.**

Supreme Court of Utah.

May 17, 1983.

S.V. Litizzette, Helper, for defendant and appellant.

K.L. McIff, Richfield, for plaintiff and respondent.

STEWART, Justice:

Plaintiff, a shareholder in the defendant irrigation company, filed this action to obtain reimbursement of excessive water fees he paid to the company. Judgment was entered for plaintiff for the overassessments plus prejudgment interest. On appeal, the defendant contends that the trial court erred in denying its motion, made on the morning of trial, to amend its answer to assert for the first time the statute of limitations. Defendant also asserts that the trial court erred in granting prejudgment interest.

In March 1966, the irrigation company solicited its shareholders to subscribe for Emery County Project water at the rate of $1.00 per acre-foot. Responding to the offer, plaintiff subscribed for 3,000 acre-feet and paid a $3,000 subscription fee in August of that year. The following three years comprised the "development period" during which subscribers paid an annual "operational and maintenance assessment" of $1.55 per acre-foot of subscribed water. Thus, in both 1967 and 1968 plaintiff paid an assessment of $4,650.00. In 1969 defendant reduced plaintiff's subscription share to 2,200 acre-feet. That year plaintiff paid an assessment of $3,410.00.

Plaintiff ultimately received only 1,890 acre-feet of project water. He therefore concluded that he had overpaid the irrigation company by $1,110.00 for the original subscription charge, $1,720.50 for each of the 1967 and 1968 assessments, and $480.50 for the 1969 assessment—a total of $5,031.50.

On March 1, 1975, plaintiff submitted a formal written demand on defendant for reimbursement of his $5,031.50 in overpayments, plus interest. This and subsequent inquiries by plaintiff resulted only in verbal assurances that he would "definitely" get his money. Sometime later, however, after the leadership of the defendant irrigation company had changed hands, plaintiff was finally informed that he would not be reimbursed.

Plaintiff filed this action March 29, 1979 to recover the overassessments. In answering the complaint, defendant did not allege the statute of limitations as an affirmative defense. After both parties conducted discovery on the merits, the trial was scheduled for June, 1981. The trial date was twice changed and finally set for November 6, 1981. Two days before the trial, defendant retained substitute counsel. On the

morning of trial, defense counsel filed a motion to amend the answer to assert the four-year statute of limitations in U.C.A., 1953, § 78–12–25(1), which bars actions on an obligation not founded upon a written instrument.

The trial court took the motion under advisement and proceeded to trial on the merits of plaintiff's claim. At the close of evidence, the court denied the motion to amend. Judgment was entered for plaintiff in the amount of $5,031.50 plus prejudgment interest of $3,283.00, which was calculated from January 1, 1973, the approximate date on which plaintiff's share of water was finally fixed at the reduced amount of 1,890 acre-feet.

 The statute of limitations defense must be pleaded as an affirmative defense in a responsive pleading, or it is waived, Utah R.Civ.P. 8(c) and 12(h), unless an amended pleading asserting the defense is allowed pursuant to the requirements of Rule 15(a). *Goeltz v. Continental Bank and Trust Co.,* 5 Utah 2d 204, 299 P.2d 832 (1956); *Tanner v. Provo Reservoir Co.,* 78 Utah 158, 2 P.2d 107 (1931); Annot., *Amendment of Pleadings to Assert Statute of Limitations,* 59 A.L.R.2d 169 (1958). A trial court's refusal to grant leave to amend is not reversible error unless the denial constitutes an abuse of discretion. *E.g., Girard v. Appleby,* Utah, 660 P.2d 245 (1983); *Gillman v. Hansen,* 26 Utah 2d 165, 486 P.2d 1045 (1971).

 As a general proposition, we will not reverse a trial court's denial of a motion to amend, made at the commencement of or during trial, to assert the statute of limitations as a defense. *See Goeltz v. Continental Bank and Trust Co.,* 5 Utah 2d 204, 299 P.2d 832 (1956). *See also Farmers and Merchants Mutual Fire Insurance Co. v. Pulliam,* 481 F.2d 670 (10th Cir.1973); *Nevels v. Ford Motor Co.,* 439 F.2d 251 (5th Cir.1971); *McGraw v. Matthaei,* 388 F.Supp. 84 (E.D. Mich.1972). *But see Emich Motors Corp. v.*

*General Motors Corp.,* 229 F.2d 714 (7th Cir.1956).

 Plaintiff, in going to the expense of discovery and preparing for trial, relied on defendant's answer filed over two years prior to trial. Plaintiff pleaded his case and responded to discovery with specificity, setting forth all relevant facts, events, and dates. The essential facts upon which the statute could have been asserted were known to the defendant from the beginning. Defendant alleges no surprise, discovery of new evidence relating to the defense, or other justification for its delay in asserting the statute of limitations.

Defendant argues that the late date of the motion to amend should be overlooked because of the substitution of counsel and discovery of the defense just two days before trial. The argument is without merit. When counsel is substituted just prior to trial, the new counsel must generally take the case as he finds it. On the facts of this case, it is possible that defendant's original trial counsel may have considered the defense and intentionally waived it because of some arguable basis that it was not sustainable.[1]

Plaintiff's case was not subject to the evidentiary difficulties that statutes of limitation are designed to prevent, such as lost evidence, faded memories, and absent witnesses. *See Myers v. McDonald,* Utah, 635 P.2d 84 (1981). If a case is truly stale, a motion to amend an answer to assert the statute of limitations may be granted. *Goeltz, supra,* 5 Utah 2d at 207, 299 P.2d at 834; *Wilson v. Eubanks,* 36 Mich.App. 287, 193 N.W.2d 353 (1971). In the instant case, however, nearly all the essential evidence was available and preserved in documentary form, and the important participants in the transactions at issue were available to testify at trial. To have permitted an amendment under those circumstances would have only made pointless and waste-

---

1. Cases such as *Petty & Riddle, Inc. v. Lunt,* 104 Utah 130, 138 P.2d 648 (1942), and U.C.A., 1953, § 78–12–44 raise the possibility that the cause of action did not accrue until plaintiff demanded reimbursement and that the statute of limitations was tolled by defendant's acknowledgement of the debt.

ful the time and expense that had been expended in preparing the case for trial.

Defendant also contends that the trial court erred in awarding prejudgment interest. Defendant concedes that prejudgment interest should be awarded in the interest of justice where the amount due may be calculated with certainty as of a particular time. *E.g., Anderson v. State Farm Fire & Casualty Co.,* Utah, 583 P.2d 101 (1978); *Bjork v. April Industries, Inc.,* Utah, 560 P.2d 315 (1977). There is no dispute in this case that the amount due was liquidated as of January 1, 1973. No demand, however, was made for return of the overpayments until March 1, 1975, and interest should be allowed only from that date. To that extent the judgment should be modified to reflect that difference.

We decline to address defendant's contention that errors in the notices of trial setting require reversal, because defendant raises this issue for the first time on appeal. *E.g., Burgers v. Maiben,* Utah, 652 P.2d 1320 (1982).

Affirmed except as to the calculation of prejudgment interest. To that extent the judgment is reversed and the case remanded. Costs to respondent.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.