LONG v PETTINATO

Docket No. 55492. Argued December 11, 1974 (Calendar No. 7).—
Decided June 24, 1975.

Plaintiffs, Oddie Long and Dorice Devers, were passengers in a
car that was struck by Vincent Pettinato's car. The accident
occurred on the Canadian side of the Ambassador Bridge.
Plaintiffs filed suit in Wayne Circuit Court more than a year
after the cause of action accrued. Defendant moved for acceler-
ated judgment, pleading the Ontario one-year statute of limita-
tions pursuant to Michigan's "borrowing statute", the Uniform
Statute of Limitations on Foreign Claims Act, MCLA 600.5861;
MSA 27A.5861. The trial court, Joseph G. Rashid, J., denied
the motion for accelerated judgment. The Court of Appeals,
Lesinski, C. J., and J. W. Fitzgerald and Carland, JJ., reversed,
holding that the borrowing statute applies to states that did not
enact it and to foreign countries (Docket No. 14709). Plaintiffs
appeal. *Held:*

1. The borrowing statute speaks of the "place", not the
"state" where the claim accrues, and there is no indication that
the Legislature did not intend the statute to apply to claims
accruing in a foreign country.

2. The statute is not restricted to apply only to claims arising
in states which have enacted it.

3. The borrowing statute puts to rest any difference between
foreign procedural statutes of limitations and foreign substan-
tive statutes of limitations; if it borrowed only substantive
statutes, it would have no meaning, because, historically, for-
eign substantive statutes of limitations have been applied in
the forum state.

4. The borrowing statute applies even when both parties are
Michigan residents. If the Legislature wishes to make it inap-
plicable to Michigan plaintiffs it could do so by amendment.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 51 Am Jur 2d, Limitation of Actions § 66 *et seq.*
Conflict of laws as to time limitations governing action on foreign
judgment, 36 ALR2d 567.
[5] 4 Am Jur 2d, Appeal and Error § 500.

5. Whether the setting aside of an entry of default taken while defendant was processing his appeal to the Court of Appeals was improper is not considered where that issue was never raised below.

Affirmed.

1. LIMITATION OF ACTIONS—BORROWING STATUTE—UNIFORM STATUTE OF LIMITATIONS ON FOREIGN CLAIMS ACT—AUTOMOBILES.

The "borrowing statute", the Uniform Statute of Limitations on Foreign Claims Act, is applicable to a suit arising from an automobile accident in Ontario involving Michigan residents; therefore, plaintiffs' suit which was filed in Michigan more than a year after the cause of action accrued was barred by Ontario's one-year statute of limitations where plaintiff Michigan residents were passengers in a car that was struck by defendant Michigan resident's car on the Canadian side of the Ambassador Bridge (MCLA 600.5861).

2. WORDS AND PHRASES—PLACE—FOREIGN COUNTRY.

The word "place" as used in the phrase "place where the claim accrued" in the Uniform Statute of Limitations on Foreign Claims Act encompasses the term "foreign country" (MCLA 600.5861).

3. LIMITATION OF ACTIONS—UNIFORM STATUTE OF LIMITATIONS ON FOREIGN CLAIMS ACT.

The Uniform Statute of Limitations on Foreign Claims Act does not require reciprocity, that is, it applies to claims accruing in places which have not adopted it (MCLA 600.5861).

4. LIMITATION OF ACTIONS—BORROWING STATUTES.

Borrowing statutes were enacted to borrow the statute of limitations where the cause of action accrued and put to rest any difference between foreign procedural statutes of limitations and foreign substantive statutes of limitations.

5. APPEAL AND ERROR—DEFAULT—SETTING ASIDE OF DEFAULT.

Whether the setting aside of an entry of default was improper is not considered where it was never raised below.

*Sommers, Schwartz, Silver, Schwartz, Tyler & Gordon, P. C.* (by *Jeffrey Shillman),* for plaintiffs.

*Rouse, Selby, Dickinson, Pike & Mourad* (by *David E. Martin),* for defendant.

T. G. KAVANAGH, C. J. This case raises the question of whether Michigan's "borrowing statute", the Uniform Statute of Limitations on Foreign Claims Act, MCLA 600.5861; MSA 27A.5861, is applicable to a suit arising from an automobile accident in Ontario involving Michigan residents.

We hold that it is applicable.

## THE FACTS

On January 9, 1970, plaintiffs were passengers in a car that was struck by defendant's car. The accident occurred on the Canadian side of the Ambassador Bridge. All parties are residents of Wayne County. Plaintiffs filed suit in Wayne County Circuit Court on May 28, 1971, more than a year after the cause of action accrued.

Defendant moved for accelerated judgment pleading the applicability of Ontario's one-year statute of limitations which reads in pertinent part:

"[N]o action shall be brought against a person for the recovery of damages occasioned by a motor vehicle after the expiration of twelve months from the time when the damages were sustained." Rev Stat Ontario (1970), ch 202, § 146(1), p 732.

The comparable Michigan statute, MCLA 600.5805; MSA 27A.5805, provides a three-year limitation.

The defendant argued that Ontario's statute of limitations should apply in this case pursuant to Michigan's "borrowing statute", the Uniform Statute of Limitations on Foreign Claims Act, *supra,* which reads:

"(1) As used in this section 'claim' means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute.

"(2) The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim.

"(3) The periods of limitations prescribed in this section apply only to a claim upon which action is commenced more than 1 year after the effective date of this act.

"(4) This section shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.

"(5) This section may be cited as the uniform statute of limitations on foreign claims act."

The trial court denied the motion for accelerated judgment, holding that Ontario's statute would not apply because (1) Ontario did not enact the borrowing statute, and (2) a statute of limitations is procedural, not substantive, so the law of the forum state applies. The trial court did not reach the question of whether the statute applies to foreign countries.

The Court of Appeals reversed and held that the borrowing statute applies to states that did not enact it and to foreign countries, citing *Pusquilian v Cedar Point, Inc,* 41 Mich App 399; 200 NW2d 489 (1972), which involved a Michigan resident's injury in defendant's Ohio amusement park, and *DeVito v Blenc,* 47 Mich App 524; 209 NW2d 728 (1973), a case involving Michigan residents who collided in Ontario.

The plaintiffs present five arguments in support of their appeal:

## I

Plaintiffs contend that the act "applies only to

those claims 'accruing' in another state of the United States, and not one accruing in another country, such as Canada".

We reject this construction for we are not persuaded we should depart from the literal meaning of the words used. The Legislature said "place" rather than "state where the claim accrued" and since we have no indication that they did not intend to do so, we are constrained to give effect to their expression.

The only cases which came to our attention in which the Courts of our sister states considered the question were cases wherein the statute expressly applied to foreign causes of action. *Perkins v Benguet Consolidated Mining Co,* 55 Cal App 2d 720; 132 P2d 70 (1942), *cert den,* 319 US 774; 63 S Ct 1435; 87 L Ed 1721 (1943) (Philippine law applied in California); *Bank of Nova Scotia v San Miguel,* 196 F2d 950 (CA 1, 1952) (Dominican law applied in Puerto Rico). Although the borrowing statute in each cited case expressly applied to causes of action arising in foreign countries as well as foreign states, we find those cases supportive of the legitimacy of the concept that the word "place" should encompass the term "foreign country".

## II

Plaintiffs also argue that the act can only be applied to a state that enacts the same statute. Plaintiffs base their contention on subsection 4 of the act which reads:

"(4) This section shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it."

We do not read that subsection to require reciprocity. We read it as stating the Legislature's desire to have the courts construe the act in a manner that conforms to the construction given it by the states that have enacted it. Our decision today is not in conflict with those of the two other states that enacted the statute.[1]

### III

Plaintiffs claim that because the applicable Ontario statute of limitations bars only the remedy and not the cause of action, their cause of action should not be barred in Michigan. For authority they cite *Baldwin v Brown,* 202 F Supp 49 (1962), which follows *Goodwin v Townsend,* 197 F2d 970 (CA 3, 1952). In neither of those cases, however, was a borrowing statute pleaded.

A borrowing statute puts to rest any difference between foreign procedural statutes of limitations and foreign substantive statutes of limitations. Historically, the forum state would only apply a foreign statute of limitations if it were held to be substantive; if merely procedural, the forum would apply its own statute of limitations. Borrowing statutes were enacted to borrow the statute of limitations where the cause of action accrued. If only substantive statutes of limitations were to be borrowed, the borrowing statute would have no meaning.

### IV

Plaintiffs also argue that it would be against

---

[1] Only West Virginia has adopted the act in the same form as Michigan. W Va Code §§ 55-2A-1 to 55-2A-6. Oklahoma has also adopted the act, but in a form that applies the statute of limitations of the place that *last* bars the claim. 12 Okla St Ann, Supp 1974–1975, § 105. *See also* Am Jur 2d Desk Book, Document 129, 1974–1975 Cum Supp, pp 213, 218.

public policy to borrow the Ontario statute of limitation and apply it to a Michigan lawsuit involving Michigan residents simply because the cause of action arose in Ontario. See *Wilson v Eubanks,* 36 Mich App 287; 193 NW2d 353 (1971).

Although we see little value in the application of the statute to Michigan residents, we nevertheless defer to the policy set forth therein. The "prevention of forum shopping" and "interminable tolling of statutes of limitation" are usually cited as the warrant for such statutes, and neither seems to have much relevance here.

If the Legislature wishes to make the act inapplicable to Michigan plaintiffs it could do so by amendment. See, for example, § 361 of the California Code of Civil Procedure.

## V

Finally, plaintiffs contend that the setting aside of an entry of default taken while defendant was processing his appeal to the Court of Appeals was improper because it was not supported by an affidavit and no order was ever signed setting aside the default entered by the court. The record reflects that this claim was neither brought before the trial court nor raised before the Court of Appeals by way of cross appeal. The issue having never been raised below, we decline to consider it here.

Affirmed. Costs to defendant.

WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with T. G. KAVANAGH, C. J.

SWAINSON, J. W. FITZGERALD, and LINDEMER, JJ., took no part in the decision of this case.