SMITH v ELLIARD

Docket Nos. 48565, 48570. Submitted June 16, 1981, at Detroit.—
　　Decided October 6, 1981. Leave to appeal applied for.

　　Norma J. Smith, William Smith, and Herman Smith, residents of
　　Indiana, were involved in an automobile accident in Kentucky
　　when the automobile in which they were riding collided with a
　　vehicle driven by Robert Lewis, a resident of Kentucky. Norma
　　and William Smith were injured and Herman Smith and
　　Robert Lewis died as a result of injuries received in the
　　accident. Subsequently, Norma J. Smith, individually and as
　　administratrix of the estate of Herman Smith, deceased, and
　　William Smith commenced suit sounding in products liability
　　against Douglas D. Elliard, administrator of the estate of
　　Robert Lewis, deceased, Ford Motor Company, the manufac-
　　turer of Lewis's automobile and Bart Lincoln Mercury, Inc., the
　　dealership that sold the car driven by Lewis, in Wayne Circuit
　　Court. Defendants Ford Motor Company and Bart Lincoln
　　Mercury moved for accelerated judgment alleging that Ken-
　　tucky's one-year statute of limitations for personal injury and
　　wrongful death actions barred the suit. Horace W. Gilmore, J.,
　　denied the defendants' motions based upon Michigan's borrow-
　　ing statute and held that the statute allowed the application of
　　Michigan's three-year statute of limitations. The defendants
　　appealed separately by leave granted. The Court of Appeals
　　consolidated the appeals. *Held:*

　　　When a suit based upon a cause of action accruing in another
　　state is commenced within Michigan by an out-of-state resident,
　　it shall be barred upon expiration of either the applicable
　　Michigan limitations period or the applicable limitations period
　　of the other state. The trial court is not given discretion to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2] 73 Am Jur 2d, Statutes § 241.
[3] 73 Am Jur 2d, Statutes § 253.
[4] 73 Am Jur 2d, Statutes §§ 171, 178.
[5] 51 Am Jur 2d, Limitation of Actions § 67.
　　73 Am Jur 2d, Statutes § 243.
[6] 51 Am Jur 2d, Limitation of Actions §§ 67, 404.

apply the statute of its choice but must apply whichever period bars the claim. The Kentucky statute of limitations bars both plaintiffs' individual causes of action for personal injury and the wrongful death action brought on behalf of the estate of Herman Smith. Under the law of Kentucky, the plaintiffs' complaint failed to state a cause of action with respect to the decedent's personal injuries but instead limited itself to a claim for his wrongful death. Thus, no portion of the plaintiffs' suit against the defendants is saved by the tolling provisions of the Kentucky statutes. The trial court's denial of defendants' motion for accelerated judgment should be reversed.

Reversed and remanded.

1. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule of statutory interpretation is to ascertain and give effect to the intention of the Legislature; to ascertain intent the reviewing court should first review the specific language of the disputed provision, giving all terms their plain and ordinary meaning absent a contrary legislative intent and where an ambiguous term is found, the court should refer to any factors which may advance the determination of intent.

2. WORDS AND PHRASES — OR — AND — JUDICIAL CONSTRUCTION.

The terms "or" and "and" are frequently misused and courts have been led to read one term in place of the other; however, the terms are not interchangeable and should be followed when their accurate reading does not render the sense of a provision dubious.

3. STATUTES — BORROWING STATUTES.

A "borrowing statute" serves two purposes, to resolve possible conflicts of laws questions and to discourage forum shopping (MCL 600.5861; MSA 27A.5861).

4. STATUTES — JUDICIAL CONSTRUCTION — AMENDED ACT.

An amended act is to be construed in light of any case law prompting the amendment.

5. STATUTES — BORROWING STATUTES.

The use of the words "either" and "or" in the Michigan borrowing statute combined with the specific exception for Michigan residents indicates that the Legislature did not intend to extend the benefit of longer Michigan limitation periods to out-of-state plaintiffs who would be more inclined to bring claims within the state because of forum shopping considerations (MCL 600.5861; MSA 27A.5861).

6. LIMITATION OF ACTIONS — ACCRUING OF ACTIONS.

> A suit shall be barred upon expiration of either the applicable Michigan limitations period or the applicable limitations period of the other state, where either period bars the claim, where a suit based upon a cause of action accruing in another state is commenced within Michigan by an out-of-state resident.

*Goodman, Eden, Millender & Bedrosian* (by *Joan Lovell),* for plaintiffs.

*Buchanan, Ogne & Jinks, P.C.,* for Ford Motor Company.

*Sommers, Schwartz, Silver & Schwartz, P.C.,* for Bart Lincoln Mercury, Inc.

Before: V. J. BRENNAN, P.J., and N. J. KAUFMAN and E. E. BORRADAILE,* JJ.

N. J. KAUFMAN, J. In this case we are required to interpret Michigan's borrowing statute, MCL 600.5861; MSA 27A.5861, which, as amended, reads:

"An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply. This amendatory act shall be effective as to all actions hereinafter commenced and all actions heretofor commenced now pending in the trial or appellate courts."

On July 9, 1977, plaintiffs Norma J. Smith, William Smith and their decedent, Herman Smith, all residents of Indiana, were involved in a two-car automobile accident in Kentucky. The second vehi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cle was driven by Robert Lewis, who died from injuries suffered in the collision. The Smiths all suffered personal injuries in the accident, and Herman Smith died on July 14, 1977, as a result of his injuries. Defendants Ford Motor Company and Bart Lincoln Mercury, Inc. (hereinafter defendants) manufactured and sold the vehicle driven by Lewis.

On November 30, 1978, approximately 17 months after the accident, plaintiffs instituted the present action against defendants and the administrator of Robert Lewis's estate. The claims against defendants essentially sounded in products liability. On December 18, 1978, defendant Ford Motor Company moved for accelerated judgment based on Kentucky's one-year statute of limitations for personal injury and wrongful death actions. KRS 413.140.[1] Defendant Bart Lincoln Mercury filed a similar motion on January 3, 1979.

On April 23, 1979, the trial court issued an opinion providing for the denial of defendants' motions. The opinion interpreted the Michigan borrowing statute as providing trial courts with discretion to apply either Michigan's statute of limitations or that of the state where a cause of action accrued. In coming to this conclusion, the opinion observed that the Legislature, in amending the statute, omitted the phrase "whichever

---

[1] KRS 413.140 provides, in part:

"(1) The following actions shall be commenced within one (1) year after the cause of action accrued:

"(a) An action for an injury to the person of the plaintiff, or of his wife, child, ward, apprentice or servant."

Although the statute makes no reference to wrongful death claims, it has been interpreted by the Kentucky appellate courts as being applicable to such actions. *Vassill's Administrator v Scarsella*, 292 Ky 153; 166 SW2d 64 (1942), *Faulkner's Administrator v Louisville & N R Co*, 184 Ky 533; 212 SW 130 (1919), *Irwin v Smith*, 150 Ky 147; 150 SW 22 (1912), *Louisville & N R Co v Simrall's Administrator*, 127 Ky 55; 104 SW 1011 (1907).

bars the claim" from its wording. The prior incarnation of the section read:

"(1) As used in this section, 'claim' means any right of action which may be asserted in a civil action or proceeding and includes, but is not limited to, a right of action created by statute.

"(2) The period of limitation applicable to a claim accruing outside of this state shall be *either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim.*

"(3) The periods of limitation prescribed in this section apply only to a claim upon which action is commenced more than 1 year after the effective date of this act.

"(4) This section shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it.

"(5) This section may be cited as the uniform statute of limitations on foreign claims act." (Emphasis supplied.)

The trial court chose to apply Michigan's less restrictive three-year statute of limitations.[2] Defendants' motions for reconsideration were subsequently denied and they now appeal to this Court by leave granted.

The cardinal rule of statutory interpretation is to ascertain and give effect to the intention of the Legislature. *City of Lansing v Lansing Twp,* 356 Mich 641, 648; 97 NW2d 804 (1959). To ascertain intent, this Court first reviews the specific language of the disputed provision, giving all terms their plain and ordinary meaning absent a contrary legislative intent. *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 110; 252 NW2d 818 (1977), *Bingham v American Screw Products Co,* 398 Mich 546, 563; 248 NW2d 537

[2] MCL 600.5805(8); MSA 27A.5805(8).

(1976). Where an ambiguous term is found, the Court will refer to any factors which may advance the determination of intent. *Stover v Retirement Board of the City of St Clair Shores,* 78 Mich App 409, 412; 260 NW2d 112 (1977).

Here, the critical phrase in the statute is that prohibiting the commencement of actions "after the expiration of the statutory limitations of either this state or the place without this state where the cause of action accrued". The Legislature's use of the disjunctive "or" indicates that a cause of action should be barred if either of the two pertinent statutes of limitations have expired. However, it has been recognized that the terms "or" and "and" are frequently misused and courts sometimes have been led to read one term in place of the other. Still, the terms are not interchangeable and should be followed when their accurate reading does not render the sense of a provision dubious. *Heckathorn v Heckathorn,* 284 Mich 677, 681; 280 NW 79 (1938). Here, an accurate reading of the word "or" does not give dubious meaning to the statute. Rather, such a reading comports with the prior version of the section that applied whichever limitations period barred the claim.

We do not believe, as the trial court did, that the elimination of the phrase "whichever bars the claim" reveals a legislative intent to vest trial courts with the discretion to apply the statute of their choice. The borrowing statute serves two purposes, to resolve possible conflicts of laws questions and to discourage forum shopping. *Parish v B F Goodrich Co,* 395 Mich 271, 277-278; 235 NW2d 570 (1975), *Szlinis v Moulded Fiber Glass Companies, Inc,* 80 Mich App 55, 67; 263 NW2d 282 (1977), *Pusquilian v Cedar Point, Inc,* 41 Mich App 399; 200 NW2d 489 (1972), *Wilson v Eubanks,*

36 Mich App 287, 290-291; 193 NW2d 353 (1971). Neither of these purposes would continue to be advanced if the borrowing statute were made discretionary. The statute would cease to provide choice of law guidance and, as a result, litigants barred from presenting their claim in other jurisdictions would be encouraged to bring suit in Michigan. Thus, we believe that the Legislature amended the statute not with the intent of substantially altering its purpose and effect, but rather to make special allowances for Michigan residents.

This conclusion is supported by the rule of statutory construction that an amended act is to be read in light of any case law prompting the amendment. *Reinelt v School Retirement Board,* 87 Mich App 769, 775; 276 NW2d 858 (1979). In the present case, the amended statute, 1978 PA 542, effective December 22, 1978, was plainly a response to a series of cases criticizing the old statute's adverse impact on Michigan residents.

In *Long v Pettinato,* 394 Mich 343; 230 NW2d 550 (1975), the one-year statute of limitations of Ontario acted to bar the claims of Michigan residents injured in an automobile accident occurring on the Canadian side of the Ambassador Bridge. The plaintiffs argued before the Supreme Court that it was against public policy to borrow the Ontario statute to the detriment óf Michigan residents. The Court responded:

"Although we see little value in the application of the statute to Michigan residents, we nevertheless defer to the policy set for therein. The 'prevention of forum shopping' and 'interminable tolling of statutes of limitation' are usually cited as the warrant for such statutes, and neither seems to have much relevance here.

"If the Legislature wishes to make the act inapplica-

ble to Michigan plaintiffs it could do so by amendment. See, for example, § 361 of the California Code of Civil Procedure." 394 Mich 349.

In *Parish v B F Goodrich, supra,* the Court again considered the question of whether Michigan had a special interest in protecting its residents from the more restrictive limitation periods of other states.

"Analogous reasoning would emphasize the state's interest in protecting its residents against short statutes of limitations of infortuitous places where breach, injury or damage is suffered. But the Legislature could have both barred nonresidents from coming into this state in search of a longer statute of limitations and allowed Michigan residents (who generally are not forum shopping) the benefit of Michigan's frequently longer limitational period by exempting, as many states have, its own residents from the restrictions of its borrowing statute.

"The Legislature, however, on the recommendation of the Commissioners on Uniform State Laws, has chosen an undifferentiating course barring Michigan residents, as well as nonresidents, from maintaining actions in Michigan courts that accrue in another state and which are time-barred in that state. This suggests that there is no legislative policy of special concern for Michigan residents overriding the considerations which prompted the Commissioners on Uniform State Laws to make residence irrelevant.

"The tendency of Michigan's borrowing statute is to bar residents of Michigan and nonresidents alike, who suffer personal injury outside this state, howsoever caused, from maintaining an action in Michigan unless commenced not later than the time allowed by the state of injury. We are not persuaded to carve out an exception for product liability plaintiffs who are able to trace their injuries to a sale of the defendant manufacturer's goods in this state." 395 Mich 283.

The Court's comments indicate that the goal of preventing forum shopping is not particularly relevant in cases involving Michigan plaintiffs. Such litigants are likely to bring suit within this state regardless of whether the state provides a longer statute of limitations since it is a more convenient forum for them. While the Supreme Court has declined to judicially alter the application of statute, the two opinions each suggested that the Legislature was free to do so. See also *Szlinis v Moulded Fiber Glass Companies, Inc, supra.* Apparently, the Legislature acted upon these suggestions and amended the statute with the intent to benefit Michigan residents. The use of the words "either" and "or" combined with the specific exception for Michigan residents indicates that the Legislature did not intend to extend the benefit of longer Michigan limitation periods to out-of-state plaintiffs, who would be more inclined to bring claims within the state because of forum shopping considerations.

We conclude that when a suit based upon a cause of action accruing in another state is commenced within Michigan by an out-of-state resident, it shall be barred upon expiration of either the applicable Michigan limitations period or the applicable limitations period of the other state.

As noted above, Kentucky provides a limitations period of one year for personal injury actions. KRS 413.140. Plaintiffs argue that the action is governed not by the above provision, but by Kentucky's no-fault automobile insurance statute. KRS 304.39-010, *et seq.* Like the Michigan no-fault act, the Kentucky law abolishes tort liability with respect to certain accidents arising out of the ownership, maintenance or use of a motor vehicle. KRS 304.39-060(2). Also, like the Michigan act,

exception to abolition is made for cases involving more serious personal injuries. KRS 304.39-060(2)(b). For those actions within the no-fault act but not abolished, the act provides a two-year statute of limitations. KRS 304.39-230(6).

Plaintiffs' argument is without merit. The no-fault act's exception to tort liability applies only to actions "brought against the owner, registrant, operator or occupant of a motor vehicle". KRS 304.39-060(2)(b). The particular defendants involved in this appeal are the manufacturer and seller of a motor vehicle and, therefore, do not fit into the particular provision. Although there is no Kentucky case law on point, we question whether Kentucky's no-fault abolition of tort liability with respect to accidents arising out of "ownership, maintenance or use" of motor vehicles was ever intended to apply to products liability cases. If applied to such cases, the apparent effect of the act would be to abolish liability for manufacturers and sellers without exception. Thus, we conclude that the Kentucky no-fault act, in general, and in particular its exception to tort abolition and the corresponding limitations period, are inapplicable to plaintiffs' suit against these defendants.

Thus, the Kentucky statute of limitations bars both plaintiffs' individual causes of action for personal injury and the wrongful death action brought on behalf of the estate of Herman Smith. Still, one final point remains for our consideration. Under Kentucky law, a decedent's representative may in a single action bring claims for both wrongful death and for the decedent's personal injuries. KRS 411.133.[3] As stated, a wrongful death

---

[3] KRS 411.133 provides:

"It shall be lawful for the personal representative of a decedent who was injured by reason of the tortious acts of another, and later dies from such injuries, to recover in the same action for both the

claim, accruing at the time of death and in favor of particular survivors, is subject to the one-year limitations period of KRS 413.140. See fn 1, *supra.* However, a decedent's own action for personal injuries brought by the personal representative may be commenced within one year after the qualification of the representative. KRS 413.180. The instant suit was begun approximately nine and one-half months after the appointment of the decedent's representative. Therefore, to the extent plaintiffs' complaint alleges a cause of action for the decedent's personal injuries, it was timely filed under Kentucky law.

In pertinent part, plaintiffs' complaint alleged the following damages:

"B. As to NORMA J. SMITH, Administratrix of the Estate of HERMAN SMITH, Deceased:

"Plaintiff's decedent Herman Smith was injured and died as a result of said defects and his Estate has suffered the following injuries and damages:

"1. Medical, funeral and burial expenses;

"2. Loss of earning capacity of Plaintiff's decedent;

"3. Loss of services of Plaintiff's decedent;

"4. Loss of society and companionship of Plaintiff's decedent;

"5. All injuries and damages which are fair and just and which bear on the circumstances of this loss."

We believe that the courts of Kentucky would interpret plaintiffs' complaint as one seeking damages for wrongful death and as failing to state a claim for the decedent's own personal injuries. In *Totten v Loventhal,* 373 SW2d 421 (Ky, 1963), the Kentucky Court of Appeals gave such an interpre-

wrongful death of the decedent and for the personal injuries from which the decedent suffered prior to death, including a recovery for all elements of damages in both a wrongful death action and a personal injury action."

tation to a similarly worded complaint. There, the complaint essentially alleged that "as a result of this injury * * * [the decedent] *died * * * to the damage of her estate". Id.,* 422. (Emphasis in original.) Here, too, the complaint alleges injuries and death resulting in damages to the decedent's estate. Concededly, the *Totten* opinion was written at a time when representatives had to elect between claims for wrongful death and claims for the decedent's personal injuries. *Id.* Nonetheless, it still is instructive on the allegations pertinent to each type of claim. It is noteworthy that plaintiffs' complaint makes no allegation regarding the pain and suffering of the decedent. On the other hand, the complaint includes medical expenses in the damages listed, which are recoverable only in a personal injury action and not in a wrongful death suit. *West v Nantz' Administrator,* 267 Ky 113; 101 SW2d 673 (1937). Further, the decedent's loss of earning capacity could be compensated in either type of action. Still, what we find most convincing is that the damages are alleged as a direct loss to the decedent's estate, to his survivors, and not as damages to decedent prior to his death. We conclude that, under the law of Kentucky, plaintiffs' complaint failed to state a cause of action with respect to the decedent's personal injuries but instead limited itself to a claim for his wrongful death. Thus, no portion of plaintiffs' suit against defendants is saved by the tolling provisions of KRS 413.180.

For the above reasons, the trial court's denial of defendants' motion for accelerated judgment is reversed and the matter is remanded for dismissal with regard to these defendants.

E. E. BORRADAILE, J., concurs in the result only.