BECHTOL v MAYES

Docket No. 134469. Submitted January 6, 1993, at Grand Rapids. Decided March 15, 1993, at 9:55 A.M.

Floyd A. Bechtol, a resident of Hawaii, brought an action in the Clinton Circuit Court against Dennis H. Mayes, a resident of Michigan, seeking damages for injuries sustained in an automobile accident in Ontario, Canada, two years and eights months after the accident. The court, Timothy M. Green, J., granted summary disposition for the defendant, ruling that the action was barred under Ontario's two-year statute of limitations. The plaintiff appealed, claiming that Michigan's three-year statute of limitations applies and does not bar the action.

The Court of Appeals *held:*

Pursuant to MCL 600.5861; MSA 27A.5861, an action that accrues outside Michigan and is brought in Michigan by a nonresident against a resident is subject either to the applicable Michigan statute of limitations or the applicable statute of limitation of the jurisdiction where the cause of action accrued, whichever bars the action.

Affirmed.

Lɪᴍɪᴛᴀᴛɪᴏɴ ᴏꜰ Aᴄᴛɪᴏɴs — Cᴏɴꜰʟɪᴄᴛ ᴏꜰ Lᴀᴡs.

An action that accrues outside Michigan and is brought in Michigan by a nonresident against a resident is subject to either the applicable Michigan statute of limitations or the applicable statute of limitations of the jurisdiction where the cause of action accrued, whichever bars the action (MCL 600.5861; MSA 27A.5861).

*Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by *George T. Sinas* and *Deborah G. Adams*), for the plaintiff.

Rᴇꜰᴇʀᴇɴᴄᴇs

Am Jur 2d, Limitation of Actions §§ 66-71.

Validity, construction, and application, in nonstatutory personal injury actions, of state statute providing for borrowing of statute of limitations of another state. 41 ALR4th 1025.

*Plunkett & Cooney, P.C.* (by *James S. O'Leary*), for the defendant.

Before: SAWYER, P.J., and HOOD and JANSEN, JJ.

JANSEN, J. Plaintiff appeals as of right from the Clinton Circuit Court's November 1, 1990, order granting defendant's motion for summary disposition. Presumably, the trial court granted the motion pursuant to MCR 2.116(C)(7), because it concluded that plaintiff's claim was time-barred by Ontario, Canada's two-year statute of limitations. We affirm the order of the trial court.

The facts of this case are not disputed. Plaintiff was injured in an automobile accident on September 18, 1987, while riding in defendant's 1986 Pontiac automobile. Plaintiff and defendant were vacationing together in Ontario, Canada, at the time of the accident. Defendant's vehicle went out of control, left the road, and struck a tree. As a result, plaintiff was thrown from the vehicle and sustained bodily injury.

At the time of the accident, plaintiff was a resident of Hawaii, and defendant resided in Michigan. In November 1989, plaintiff filed suit against defendant in the United States District Court for Hawaii; however, that case was dismissed in April 1990 for lack of jurisdiction over defendant. Plaintiff then filed the present action on May 15, 1990, approximately two years and eight months after the accident.

Defendant moved for summary disposition, claiming that plaintiff's cause of action was time-barred pursuant to Michigan's "borrowing statute," MCL 600.5861; MSA 27A.5861. Defendant asserted that Ontario's two-year statute of limitations for actions for damages for injury in motor vehicle accidents controlled and, therefore, plain-

tiff's claim was not timely filed. Plaintiff argued that Michigan's three-year statute of limitations applied, MCL 600.5805(8); MSA 27A.5805(8), and that his claim was filed before the expiration of the three-year period.

In ruling on defendant's motion for summary disposition, the trial court determined that Michigan's borrowing statute controlled. The court concluded "that the Ontario statute of limitations should apply, and not having been brought within the two-year period from the accrual of the cause of action, the defendant's motion for summary disposition is granted." Plaintiff now appeals as of right, claiming that the trial court improperly granted defendant's motion for summary disposition. We disagree.

Michigan's borrowing statute, MCL 600.5861; MSA 27A.5861, provides in relevant part:

> An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of *either* this state *or* the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply. [Emphasis added.]

This provision has been interpreted to mean that the limitation period applicable to a claim brought in Michigan by a nonresident shall be either the statute of limitations of Michigan or the applicable limitation period of the jurisdiction where the cause of action accrued, whichever bars the claim. *Makarow v Volkswagen of America, Inc,* 157 Mich App 401, 406; 403 NW2d 563 (1987); *Smith v Elliard,* 110 Mich App 25, 30-33; 312 NW2d 161 (1981). "Stated another way, if the statute of limitations of either state bars plaintiff's

claim, the action should be dismissed." *Makarow*, p 406. The Legislature's use of the disjunctive "or" indicates that a cause of action should be barred if either of the two pertinent periods of limitation has expired. *Smith*, p 30.

We are of the opinion that the trial court properly granted defendant's motion for summary disposition based on the expiration of Ontario's two-year statute of limitations. We are cognizant of 1978 PA 542, which rewrote MCL 600.5861; MSA 27A.5861. However, we agree with *Smith, supra,* which noted that the Legislature "amended the statute not with the intent of substantially altering its purpose and effect, but rather to make special allowances for Michigan residents." *Id.,* p 31. The amendment sought to alleviate the adverse effect on Michigan residents occasioned by the preamendment version of the statute. *Id.* The existing statute merely protects a Michigan plaintiff from the more restrictive limitation periods of other jurisdictions.

We are of the opinion that when a suit, such as the present one, based upon a cause of action accruing in another state or jurisdiction, is commenced in Michigan by a nonresident of the state, it shall be time-barred upon expiration of either the applicable Michigan limitation period or the applicable limitation period of the other state or jurisdiction. *Smith*, p 33. As stated in *Smith*:

> The use of the words "either" and "or" combined with the specific exception for Michigan residents indicates that the Legislature did not intend to extend the benefit of longer Michigan limitation periods to out-of-state plaintiffs, who would be more inclined to bring claims within the state because of forum shopping considerations. [*Smith*, p 33.]

We are also of the opinion that plaintiff's reliance on *Olmstead v Anderson,* 428 Mich 1; 400 NW2d 292 (1987), is misplaced. In *Olmstead,* the Supreme Court resolved the issue of which state's law applied in a wrongful death action that was filed in Michigan, but arose out of an accident occurring in Wisconsin. In the present case, Michigan's borrowing statute is specifically designed to resolve questions regarding the applicable statute of limitations in cases where an action accruing in another jurisdiction is commenced in Michigan by a nonresident, or where an action accruing in another jurisdiction is brought by a Michigan resident in a Michigan court. The trial court properly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7).

Our resolution of the above issue is dispositive. Therefore, we need not discuss the other arguments raised by plaintiff, which we find to be without merit.

Affirmed.