## HOVER v CHRYSLER CORPORATION

Docket No. 156318. Submitted August 2, 1994, at Detroit. Decided
   October 26, 1994; approved for publication March 10, 1995, at
   9:05 A.M. Leave to appeal sought.

Sara J. and John V. Hover and their minor children brought a
   products liability action in the Wayne Circuit Court against
   Chrysler Corporation and others, seeking damages for injuries
   they sustained in an accident involving an automobile made by
   the defendants. The plaintiffs are residents of Canada and the
   accident occurred in Alberta, Canada. The court, Michael L.
   Stacey, J., granted summary disposition for the defendants,
   ruling the action barred under an Alberta statute of limitations
   providing for a two-year limitation period. The plaintiffs ap-
   pealed.

The Court of Appeals *held:*

Pursuant to MCL 600.5861; MSA 27A.5861, an action that
accrues outside Michigan and is brought in Michigan by a
nonresident against a resident is subject to either the applica-
ble Michigan statute of limitations or the applicable statute of
limitations of the jurisdiction where the cause of action ac-
crued, whichever bars the action. When the statute of limita-
tions of the other jurisdiction is applied, the tolling provisions
of that jurisdiction, and not those of Michigan, govern. In this
case, the trial court correctly determined that the claims of the
husband and the children are barred by the Alberta statute of
limitations and that the period of limitation was not tolled with
respect to the children on the basis of minority because, under
Alberta law, the statute is not tolled for minors in actual
custody of their parents. However, the trial court erred in
summarily dismissing Sara J. Hover's claims because there
remains a genuine issue of material fact concerning her mental

REFERENCES

Am Jur 2d, Limitation of Actions §§ 66, 67.

Construction, application, and effect, with reference to statutory
   causes of action, of statute of forum which admits bar of statute
   of limitations of other state. 67 ALR2d 216.

Validity, construction, and application, in nonstatutory personal
   injury actions, of state statute providing for borrowing of statute
   of limitations of another state. 41 ALR4th 1025.

state after the accident, giving rise to a question whether any insanity on her part served to toll the period of limitation applicable to her claim.

Affirmed in part, reversed in part, and remanded for further proceedings.

LIMITATION OF ACTIONS — CONFLICT OF LAWS.

An action that accrues outside Michigan and is brought in Michigan by a nonresident against a resident is subject to either the applicable Michigan statute of limitations and tolling provisions or the applicable statute of limitations and tolling provisions of the jurisdiction where the cause of action accrued, whichever bars the action (MCL 600.5861; MSA 27A.5861).

*Bendure & Thomas* (by *Mark R. Bendure*), for the plaintiffs.

*Miller, Canfield, Paddock & Stone* (by *Stephen J. Ott, Erich H. Hintzen,* and *Brian S. Westenberg*), for the defendants.

Before: JANSEN, P.J., and WHITE and M. J. TALBOT,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order of the Wayne Circuit Court granting defendants' motion to dismiss on the ground that plaintiffs' cause of action was barred by the applicable statute of limitations. MCR 2.116(C)(7). We affirm in part, reverse in part, and remand for further proceedings.

This is a products liability action arising out of an automobile accident that occurred on February 5, 1989, in Alberta, Canada. Plaintiffs are Canadian residents. The automobile involved was a 1986 Jeep, manufactured by defendants. Dr. John Vincent Hover was the driver and his wife, Sara Jane Hover, was in the passenger seat. Their children, Shamyne and Shayne Hover, were in the rear seat. As Dr. Hover veered to avoid a vehicle

---

* Circuit judge, sitting on the Court of Appeals by assignment.

going the wrong way, the Jeep crossed railroad tracks and rolled over. Allegedly, the front passenger restraint system failed, Mrs. Hover fell forward, her hand became entangled in the roof assembly, which detached from the Jeep. The fourth finger of her left hand was subsequently amputated as a result of her injuries. The other passengers in the Jeep suffered less serious injuries.

Plaintiffs filed suit in the Wayne Circuit Court on February 4, 1992. As their first responsive pleading, defendants filed a motion to decline jurisdiction and to dismiss (forum non conveniens). Ultimately, the trial court ruled that the doctrine of forum non conveniens could not be applied, but granted defendants' motion on the ground that the statute of limitations barred plaintiffs' claim. MCR 2.116(C)(7). The trial court ruled that Michigan's borrowing statute adopted Alberta's two-year limitation period and its tolling provisions. The trial court concluded that the limitation period for the minor children had not tolled and their case was dismissed. The trial court also dismissed Mrs. Hover's claim, but did not address the effect the tolling provision for disability had on her claim.

Plaintiffs moved for a rehearing of Mrs. Hover's claim. Plaintiffs argued that there was a factual dispute regarding whether Mrs. Hover suffered from a disability that would toll the running of the limitation period. Plaintiffs presented a letter from Mrs. Hover's psychiatrist stating that she was severely depressed and suicidal following the accident, and that she was being treated accordingly. Notwithstanding this letter, and plaintiffs' argument that it raised a factual dispute regarding Mrs. Hover's mental disability sufficient to toll the limitation period, the trial court stated that it was

not "persuasive enough for me" and denied the motion for rehearing.

We first address plaintiffs' argument that the trial court erred in addressing sua sponte the statute of limitations issue. We find no error on the record before us. Plaintiffs themselves raised the issue in their response to defendants' motion to dismiss. See MCR 2.116(I)(1). Plaintiffs were afforded notice, time to prepare, and an opportunity to be heard. Plaintiffs were permitted to file multiple briefs and they moved for a rehearing regarding Mrs. Hover's claim. Therefore, the statute of limitations issue was before the trial court and it did not err in ruling on the issue.

Next, we find that the trial court did not err in applying the Canadian statute of limitations, rather than Michigan's statute of limitations. The difference is significant. The applicable Canadian statute of limitations is two years, while the applicable Michigan statute of limitations is three years. MCL 600.5805(9); MSA 27A.5805(9). Clearly, plaintiffs' action would be barred under the Canadian statute of limitations.

Michigan's borrowing statute states in relevant part:

> An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply. [MCL 600.5861; MSA 27A.5861.]

A cause of action accruing in another state or jurisdiction commenced in Michigan by a nonresident of this state is barred upon expiration of

either the applicable Michigan limitation period or the applicable limitation period of the other state or jurisdiction. *Bechtol v Mayes,* 198 Mich App 691, 694; 499 NW2d 439 (1993). In other words, if the statute of limitations of either state or jurisdiction bars the plaintiff's claim, the action should be dismissed. *Makarow v Volkswagen of America, Inc,* 157 Mich App 401, 406; 403 NW2d 563 (1987). Therefore, under Michigan's borrowing statute, the applicable Canadian statute of limitations, two years, applies and the cause of action is barred.

However, plaintiffs contend that even if the Canadian limitation period is applied, the Michigan tolling provision applies and their case is not barred. The trial court ruled that the Canadian tolling provision applied as well. Under the Canadian tolling provision for minors, the tolling protection for minors is not available where the minor is in actual custody of a parent. This is not a requirement in the Michigan tolling provision. MCL 600.5851(1); MSA 27A.5851(1). Under both the Canadian and Michigan statutes, there is a tolling provision for insanity.

Plaintiffs rely on *Belden v Blackman,* 118 Mich 448; 76 NW 979 (1898), and *DeVito v Blenc,* 47 Mich App 524; 209 NW2d 728 (1973), for the proposition that Michigan's borrowing statute borrows the statute of limitations of the place where the claim accrued, but not its tolling provisions. We find *Belden* and *DeVito* to be factually distinguishable. *Belden* was decided before Michigan enacted a borrowing statute. In *DeVito,* this Court allowed a Michigan resident to take advantage of Michigan's tolling provisions. In the instant case, plaintiffs are Canadian residents.

Generally, the choice-of-law approach taken to tolling provisions under borrowing statutes is that the forum's tolling provisions apply to the forum's

statute of limitations and the other state's or jurisdiction's tolling provisions apply to its statute of limitations. *Makarow, supra,* p 410. Thus, we conclude that the Canadian tolling provision applies to this case. *Id.,* p 411; *Waldron v Armstrong Rubber Co (On Remand),* 64 Mich App 626, 636; 236 NW2d 722 (1975).

Because we believe that the Canadian tolling provisions apply, the trial court properly dismissed the claims of the minor children because the Canadian tolling provisions do not provide a tolling period for minors where they are in the custody of a parent. Here, it is undisputed that the minor children were in the custody of both parents. Although Mrs. Hover was apparently under a disability herself during the time, because of her severe depression, the children were also in the custody of their father. Plaintiffs' argument that the period of limitation applicable to the minor children's claims should be tolled because they were in the care of one incompetent parent may have arguable merit; however, plaintiffs have provided us with no Canadian authority that the minors should still receive the benefit of the tolling provision where the minors are in the custody of one competent parent and one incompetent parent. A party may not leave it to this Court to search for authority to sustain or reject its position. *People v Hunter,* 202 Mich App 23, 27; 507 NW2d 768 (1993). Because the minor children were in the custody of one competent parent, the Canadian tolling provision does not apply under a plain reading of the Canadian statute.

Regarding Mrs. Hover's claim, plaintiffs submitted a letter from her psychiatrist that states that, after having her finger amputated, Mrs. Hover was severely depressed, suicidal, unable to deal with the injury and the results of the injury, and un-

able to instruct legal advisers or manage her daily life. This letter clearly raises a genuine issue of material fact regarding whether she was disabled under the Canadian statute. *Kaszyk v Kloestra & Klug,* 1 WWR 423, 425 (1975). The trial court, therefore, erred in granting summary disposition of Mrs. Hover's claim on the basis of the statute of limitations, because there is a disputed fact. *Moll v Abbott Laboratories,* 444 Mich 1, 26; 506 NW2d 816 (1993).

Next, there is no dispute that Dr. Hover's claim on his own behalf is barred under the Canadian statute. Regarding Dr. Hover's claim for loss of consortium, plaintiffs argue that its timeliness depends on the timeliness of Mrs. Hover's claim. However, plaintiffs fail to address the loss of consortium issue in the context of Canadian law. As we have stated, a party may not leave it to this Court to search for authority to sustain or reject its position. *Hunter, supra.*

Accordingly, the trial court erred in dismissing Mrs. Hover's claim. The trial court did not err in dismissing the claims of Dr. Hover and the minor children because those claims are barred by the applicable statute of limitations.

Affirmed in part, reversed in part, and remanded for further proceedings. We do not retain jurisdiction.