**Ana Maria PIÑA, Plaintiff–Appellant,**

v.

**FCA U.S. LLC, Defendant–Appellee.**

No. 14–2104.

United States Court of Appeals, Sixth Circuit.

July 21, 2015.

BEFORE: SILER, COOK, and STRANCH, Circuit Judges.

PER CURIAM.

In 2012, plaintiff Ana Maria Piña, a resident of Indiana, was driving her Chrysler Jeep Cherokee in Indiana when she was struck from behind by another vehicle. Complaint ¶¶ 2, 14–16. The Jeep had been originally sold in Michigan as a new vehicle in 1999; it was subsequently purchased in Indiana and registered in that state by Piña. *Id.* ¶¶ 14, 24–25. The collision ruptured the Jeep's fuel tank and sparked a fire that severely injured Piña. *Id.* ¶¶ 16, 18–19.

Piña filed this action in the Eastern District of Michigan against the defendant, FCA U.S. LLC (FCA), in 2014. The complaint presented product-liability claims under Michigan statutory law along with a common-law claim for breach of warranty. *Id.* ¶¶ 104–16. FCA moved to dismiss the plaintiff's complaint under Fed.R.Civ.P. 12(b)(6) as barred by the Indiana statute of repose. R. 9. The district court granted the motion, holding that a Michigan court would apply the Indiana statute of repose to Piña's claims. R. 23. We AFFIRM.

We review a dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) *de novo*. *Z Techs. Corp. v. Lubrizol Corp.*, 753 F.3d 594, 597 (6th Cir.2014). "When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917, 926 (6th Cir.2014) (internal quotation marks omitted). When applying Michigan law, an argument that an action is barred by a statute of repose can form the basis for a Rule 12(b)(6) motion. *See Roskam Baking Co., Inc. v.*

*Lanham Mach. Co., Inc.*, 288 F.3d 895, 904 (6th Cir.2002).

In *Kirk v. Hanes Corp.*, 16 F.3d 705 (6th Cir.1994), we set forth our choice-of-law framework for a case within our diversity jurisdiction:

The task of this court, sitting in diversity, is to apply the same law as would be applied by the Michigan state courts. *See Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Where a state's highest court has spoken to an issue, we are bound by that decision unless we are convinced that the high court would overrule it if confronted with facts similar to those before us. *Bernhardt v. Polygraphic Co. of Am.,* 350 U.S. 198, 205, 76 S.Ct. 273, 277, 100 L.Ed. 199 (1956). Moreover, where a state appellate court has resolved an issue to which the high court has not spoken, "we will normally treat [those] decisions ... as authoritative absent a *strong showing* that the state's highest court would decide the issue differently." *Garrett v. Akron—Cleveland Auto Rental, Inc. (In re Akron—Cleveland Auto Rental, Inc.),* 921 F.2d 659, 662 (6th Cir.1990) (emphasis added).

*Id.* at 707 (alterations in original).

"In a tort action, Michigan courts recognize a presumption in favor of *lex fori* and apply Michigan law 'unless a rational reason to do otherwise exists.'" *Standard Fire Ins. Co. v. Ford Motor Co.,* 723 F.3d 690, 693 (6th Cir.2013) (quoting *Sutherland v. Kennington Truck Serv., Ltd.,* 454 Mich. 274, 562 N.W.2d 466, 471 (1997)). This court has acknowledged Michigan's two-part test for the existence of such a rational reason:

First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a

foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests.

*Id.* (quoting *Sutherland,* 562 N.W.2d at 471). The parties do not dispute the application of Michigan's common-law causes of action and the Michigan product-liability statute to this action.

The Michigan product-liability statute does not include a statute of repose. However, the statute of repose in the Indiana Product Liability Act provides generally that a product-liability action must be commenced within ten years of the delivery of the product to the initial user or consumer. Ind.Code Ann. § 34–20–3–1. Piña filed her action roughly fifteen years after her Jeep was first delivered to an individual consumer, so the first issue in this appeal is whether the Indiana statute of repose bars her claim.

The Michigan legislature has enacted a borrowing statute, which originally included a provision that, "The period of limitation applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim." Mich. Comp. Laws § 600.5861(2) (1963). In 1978, the borrowing statute was amended; it now provides that:

> An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply.

Mich. Comp. Laws § 600.5861.

■ Piña has focused her argument on the deletion of the general reference to "period of limitation" and addition of the specific and limited phrase "statute of limitations." She argues that this amendment to Michigan's borrowing statute precludes the operation of Michigan's choice-of-law rules to import the Indiana statute of repose into this action. But in *Smith v. Elliard,* 110 Mich.App. 25, 312 N.W.2d 161, 164 (1981), the Michigan Court of Appeals explained that the Michigan legislature "amended the statute not with the intent of substantially altering its purpose and effect, but rather to make special allowances for Michigan residents." Not only would Piña's preferred interpretation fail to advance this purpose of the amendment, but it would undermine the borrowing statute's broader purpose of discouraging forum shopping. *See id.* And even if the amendment was in fact intended to remove statutes of repose from the scope of the borrowing statute, the amendment merely serves to vacate the field for the unimpeded operation of Michigan's common law. Therefore, the district court was correct in its determination that the Michigan borrowing statute does not prohibit the application of Indiana's statute of repose in this action.

■ Piña next argues that, because her car was neither manufactured nor originally sold by FCA in Indiana, Indiana has no interest in applying its law to this case. This position is untenable. The Michigan Court of Appeals has repeatedly recognized the interests of foreign jurisdictions in applying their law based on factors other than the point of manufacture and original sale. *See Hernandez v. Ford Motor Co.,* 280 Mich.App. 545, 760 N.W.2d 751, 762–63 (2008) (citing the interest created by injury to a Mexican plaintiff due to an accident on Mexican soil involving a vehicle purchased in Mexico); *Hall v. Gen. Motors Corp.,* 229 Mich.App. 580, 582 N.W.2d 866,

867–68, 871 (1998); *Farrell v. Ford Motor Co.*, 199 Mich.App. 81, 501 N.W.2d 567, 572 (1993) (citing North Carolina's "obvious and substantial interest in shielding Ford from open-ended products liability claims," despite the lack of Ford manufacturing or design facilities in North Carolina). In reliance on those Michigan Court of Appeals cases, we have previously upheld a district court's finding that Tennessee has an interest in applying its statute of repose where a Tennessee resident sustained property damage in Tennessee from a vehicle registered and insured in Tennessee. *Standard Fire*, 723 F.3d at 697.

Given the facts here, where an Indiana resident was injured on an Indiana road while driving a vehicle that was purchased and registered in Indiana, there can be little doubt the Michigan courts would find that Indiana has an interest in having its law applied.

At step two, the comparative weighing of Michigan's interests and Indiana's interests, *Farrell* and *Hall* (along with this court's own precedent of *Standard Fire*) teach that Michigan's inherent interest in its native automotive industry, standing alone, does not mandate the application of Michigan law. It is apparent that Indiana's interest in applying its statute of repose is at least as great as that of North Carolina and Tennessee. The business dealings cited in *Standard Fire Ins. Co. v. Ford Motor Co.*, 2:10–cv–11164, Dkt. No. 25, at 5 (E.D.Mich. Apr. 9, 2012), *aff'd*, 723 F.3d 690 (6th Cir.2013), and *Farrell*, 501 N.W.2d at 572, are not as significant as the presence of FCA's multiple assembly plants within the borders of Indiana. Therefore, Indiana's interest in encouraging more commercial activity and offering FCA the protection provided by that state's statute of repose outweighs any countervailing interest of Michigan, regardless of the lack of connection between FCA's Indiana assembly plants and the particular vehicle at issue in this action.

AFFIRMED.